Ramon MIRO MARTINEZ, Plaintiff, Appellant,

v.

COMPANIA TRASATLANTICA ESPANOLA, S.A., et al., Defendants and Third Party Plaintiffs, Appellees,

v.

INTERNATIONAL SHIPPING AGENCY, Third Party Defendant, Appellee.

No. 80-1548.

United States Court of Appeals, First Circuit.

Argued Feb. 3, 1981.

Decided March 13, 1981.

Carmen F. Arrieta Gimenez, Puerto Nuevo, P. R., with whom Arrieta & Vizcarrondo, Puerto Nuevo, P. R., was on brief, for plaintiff, appellant.

Jorge Bermudez Torregrosa, Hato Rey, P. R., with whom Hartzell, Ydrach, Mellado, Santiago & Perez, Hato Rey, P. R., was on brief, for appellee Compania Trasatlantica Espanola.

Alex Gonzalez, San Juan, P. R., with whom Dubon, Gonzalez & Vazquez, San Juan, P. R., was on brief, for third party defendant, appellee International Shipping Agency.

Before CAMPBELL, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Plaintiff worked as a longshoreman for an independent stevedoring contractor. He was injured while working on defendant's vessel. The stevedoring contractor was insured under Puerto Rico's workmen's compensation law, 11 L.P.R.A. § 1 et seq., and the district court found that plaintiff "received benefits thereunder on account of the injuries sustained". Plaintiff then brought suit against the shipowner and its insurer, alleging unseaworthiness and negligence.

■ It is clear under Puerto Rico law that once an employer insures his workmen under the Puerto Rico workmen's compensation system that remedy is exclusive; the employee has no other remedy against his employer. 11 L.P.R.A. § 21. In 1970 this court held that a shipowner was not an "employer", within the meaning of the workmen's compensation statute, of one who works for an insured independent contractor; thus, the shipowner could be sued. Colon Nunez v. Horn-Linie, 423 F.2d 952 (1st Cir. 1970). In 1977, however, the Puerto Rico Supreme Court, in a persuasive opinion, Lugo Sanchez v. Puerto Rico Water Resources Authority, 105 D.P.R. 861 (1977), ruled that we had erroneously interpreted Puerto Rico law. It held that the Puerto Rico statute was not intended to deprive the shipowner (or prime contractor) of his immunity simply because he successfully encourages his independent contractor to pay the workmen's compensation premium. Thus, whether or not the longshoreman is technically employed by an independent contractor, the shipowner (or prime contractor) is also an "employer" within the terms of the workmen's compensation law, and its "exclusive remedy" provision applies to him as well. We followed this decision in the later case of Alonso Garcia v. Friesecke, 597 F.2d 284 (1st Cir.), cert. denied, 444 U.S. 940, 100 S.Ct. 292, 62 L.Ed.2d 306 (1979)—a decision identical in all material respects to this one. We held that an injured longshoreman, working for an independent contractor insured under Puerto Rico's workmen's compensation law, cannot sue the owner of the vessel.

■ Plaintiff agrees that if Lugo Sanchez governs this case, his action must be dismissed. He argues, however, that since his claim was pending in court when that case was decided, he should be allowed to recover; in his view Lugo Sanchez should be applied only prospectively. The question of prospective application of a Commonwealth decision is itself a matter of Commonwealth law. See, e. g., Samuels v. Doctors Hospital, Inc., 588 F.2d 485, 488–89 (5th Cir. 1979).

■ We find no indication that Lugo Sanchez was meant to apply only prospectively. For one thing, the Puerto Rico Supreme Court in Lugo Sanchez itself obvi-

ously applied the rule to events that took place before the case was decided. For another thing, federal district courts in Puerto Rico, whose opinions on matters of Puerto Rico law are entitled to considerable weight,[1] have applied *Lugo Sanchez* retroactively. *See, e. g., Emilio Vera Rodriguez v. Hamburg Amerika Linie*, Civil No. 75–1301 (D.P.R.1980). We too applied the rule of *Lugo Sanchez* retroactively in *Friesecke*. Moreover, it is normal practice for rules of decision in cases to apply retroactively. Prospective application is reserved for unusual cases where a significant change in the law is accompanied by administrative considerations or unusual reliance upon the prior law which make retroactive application impractical or unjust. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 105–09, 92 S.Ct. 349, 354–57, 30 L.Ed.2d 296 (1971); *Aufiero v. Clarke*, 639 F.2d 49 (1st Cir. 1981). No such considerations militate against retroactive application here. There is no reason to believe that plaintiff, or others in similar circumstances, would have acted differently had the rule in *Lugo Sanchez* always been the law. Plaintiff argues that *Lugo Sanchez* deprives him of what he previously believed to be his rights. But such is always true as to one side or the other whenever a case changes what was formerly considered to be the law. We therefore agree with the district court that *Lugo Sanchez* applies retroactively and bars plaintiff's action.

*Affirmed.*

---

1. *E. g., Gual Morales v. Hernandez Vega*, 604 F.2d 730, 732 (1st Cir. 1979).