Jorge J. OPPENHEIMER MENDEZ,
Plaintiff-Appellee,

v.

Hector N. ACEVEDO, et al.,
Defendants-Appellants.

No. 74–1375.

United States Court of Appeals,
First Circuit.

Argued Feb. 6, 1975.

Decided April 1, 1975.

Gilberto Mayo Aguayo, Santurce, P. R., with whom Cancio, Cuevas & Mayo, Santurce, P. R., was on brief, for Manuel San Juan, Jr., and others, defendants-appellants.

Peter Ortiz, Deputy Sol. Gen., with whom Miriam Naveira De Rodon, Sol. Gen., San Juan, P. R., was on brief, for Hector N. Acevedo and others, defendants-appellants.

Harvey B. Nachman, with whom Nachman, Feldstein & Gelpi, San Juan, P. R., was on brief, for plaintiff-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

A careful review of the testimonial and documentary evidence offered in the seven-day trial below reveals ample support for the district court's factual findings that the Executive Director and Board of Directors of the Automobile Accident Compensation Administration (ACAA), appellants,[1] conspired in bad faith to disregard ACAA procedural rules providing pre-discharge hearing; simultaneously to annul the applicable rule; to deny post-discharge hearing in disregard of both the appellee's request and legal advice; and to dismiss appellee from his position as staff attorney, head of the legal division of ACAA. We therefore affirm on the basis of the painstaking district court opinion, pausing only to amplify the legal issues raised below and to pass on those raised for the first time on appeal.

The district court ruling that the activities of the appellants abridged appellee's civil rights in violation of 42 U.S.C. §§ 1983 and 1985(3) turns on its determination that there was a legitimate expectancy that procedural safeguards would be required prior to dismissal for just cause and that therefore appellee had a constitutionally protected interest in the faithful execution of these procedures. Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

Appellants attempt to undermine this foundation of the district court opinion in two ways. They argue first, as they did below, that although Rule 5A of ACAA Rules and Regulations specifically applied to appellee and clearly provided for pre-discharge procedures, that rule was itself invalid because it contravened Puerto Rican law under which ACAA is a public corporation and its employees members of the exempt service. Appellants claim that the validity of Rule 5A is a novel question of local law and that the district court should have abstained or that we should certify the question. We are fully in accord with the district court ruling on this point and find that while local case law has not singled out the ACAA for attention, it has addressed the status of public corporations such as ACAA and their ability to create their own rules governing job tenure.

In Pastor Lozada v. Canals, R. 73–314, Bar Association Ref 1974–11 (P.R. Feb. 4, 1974), the Supreme Court of Puerto Rico has clearly explicated the interaction of the Personnel Act of Puerto Rico, 3 L.P.R.A. § 641 et seq. and the employment policies of public corporations such as ACAA whose employees are in the exempt service:

"the Personnel Act permits that any agency, public corporation or political subdivision included in the Exempt Service may, at its own request and with the approval of the Director of Personnel be included in the competitive service or the noncompetitive service . . . The law permits also that any appointing authority may, with the approval of the Director

---

1. The appellants challenge the district court's ruling permitting amendment of the pleadings. The suit was originally brought against the appellants as individuals, but the injunctive relief prayed for, reinstatement of the appellee and the evidence presented, made it clear that they were being sued in their official capacities as well. The district court permitted amendment of the pleadings so that the suit was brought against appellants individually and as officials. The district court gave the appellants an additional ten days to bring forth any new evidence that was pertinent in light of the amendment. No such evidence was offered. The appellants have no grounds for a claim of prejudice, the district court's ruling being clearly proper under Rule 15(b) Fed.R. Civ.Proc.

of Personnel, use the services of the Personnel Office for the development of classification and pay plans and for the recruitment of other personnel services for its respective office. As it can be seen these provisions are not compulsions. They allow said public agencies to incorporate themselves, to the extent they so agree to the merit system or to use the advice of the Personnel Office of the Government of Puerto Rico."

The district court supportably found that ACAA had, with the help of the Personnel Office organized its own merit system explicitly applicable to heads of departments such as appellee and requiring written charges and hearing prior to discharge. The clarity of Puerto Rican law in this area would render either abstention or certification a hollow formality resulting only in delaying the vindication of protected rights. *Cf.* Lehman Brothers v. Schein, 416 U.S. 386, 390, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974).

Appellants' second argument is that the annulment of Rule 5A by the board effectively deprived the appellee of his procedural rights. This action was taken at the same time as the appellee was dismissed. The annulment of the rule came to light only at the trial, there having been no notification to department heads or employees of ACAA. These facts not only fail to bolster appellants' appeal but support the district court findings of bad faith and denial of due process. The action was taken without procedural regularity and was of no effect. It is clear that at the time of his dismissal appellee was entitled to a pre-discharge hearing. The district court's order requiring reinstatement and provision of that hearing is appropriate.[2] The order in no way prevents ACAA from future amendment of the rules in accordance with accepted procedures including notification to those covered by the rules.

The appellants also challenge the district court's award of attorney's fees. The district court ordered a hearing on this issue at which the attorney for the defendants failed to appear. After that hearing defendants' counsel moved for rehearing, and the court, finding no excusable neglect, denied the motion. In light of these circumstances and the nature of the case proven below we cannot find an abuse of discretion in the district court's award.

Affirmed.

---

**2.** Appellants object as well to the form of the damages granted by the district court. They argue that back pay should have been granted rather than damages against the individual defendants. This argument was never made to the district court. The relief sought was damages against the individuals, and that relief was appropriate.