Anna L. TARR, Administratrix of the
Estate of James Tarr,
Plaintiff-Appellee,

v.

MANCHESTER INSURANCE
CORPORATION,
Defendant-Appellant.

No. 76–1328.

United States Court of Appeals,
First Circuit.

Argued Oct. 4, 1976.

Decided Nov. 2, 1976.

E. Paul Kelly, Manchester, N. H., with whom Law Office of John F. Cullity, Manchester, N. H., was on brief, for defendant-appellant.

Stanley M. Brown, Manchester, N. H., with whom Stanley M. Brown Professional Association, Manchester, N. H., was on brief, for plaintiff-appellee.

PER CURIAM.

Taking appellant's claim on its strongest basis, the New Hampshire Supreme Court, on certification to it by the United States District Court of two questions involving the New Hampshire Workmen's Compensation statute, also answered a third question, which answer, if it stands, is largely dispositive of the present action, against appellant. *Tarr, Administratrix v. Republic Corp.* (1976), N.H., 352 A.2d 708. Appellant's counsel discovered this circumstance after the expiration of the ten day period allowed for filing a petition for rehearing in the state court. Instead of moving the New Hampshire court to accept a petition for rehearing late, appellant chose to proceed in the district court, where it was rebuffed. It now asks us to correct the New Hampshire court's interpretation of its statute, or, alternatively, to recertify.

Clearly, we cannot do the former. No matter what the result, we cannot "correct" a state court's interpretation of its own law. *Mullaney v. Wilbur,* 1975, 421 U.S. 684, 690–91, 95 S.Ct. 1881, 44 L.Ed.2d 508.

We think it would be equally inappropriate to usurp the state court's control of its docket. If appellant had sought of that court permission to file a petition for rehearing late, and permission had been denied, it cannot be thought that we should overrule that decision by again presenting it with the question. We see no substantial difference between overruling a state court's discretion, and adopting a procedure which would have the effect of depriving the court of the opportunity of exercising one. The issue, however, lies deeper than courtesy. The purpose of certification is to ascertain what the state law is, not, when the state court has already said what it is, to afford a party an opportunity to persuade the court to say something else. The rule of *Erie RR. v. Tompkins*, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, calls on us to apply state law, not, if we can be persuaded to doubt its soundness, to participate in an effort to change it.

The cause is remanded with instructions that the District Court allow appellant to recover on its lien against the children's share of the estate; otherwise affirmed.