**In re Guillermo TORRUELLA–SER-RALLES, Etc., Debtor.**

**Appeal of CREDITO e INVERSIONES de SAN MIGUEL, INC.**

**No. 81–1749.**

United States Court of Appeals, First Circuit.

Argued April 8, 1982.

Decided June 28, 1982.

---

Lawrence E. Duffy, San Juan, P. R., with whom Francisco Ponsa Feliu, Francisco Ponsa Flores and Edda Ponsa Flores, San Juan, P. R., were on brief, for appellant.

Jose Raul Cancio Bigas, Rio Piedras, P. R., with whom Rodriguez Ramon, Pena & Cancio, Rio Piedras, P. R., was on brief, for appellee.

\* Of the Seventh Circuit, sitting by designation.

Before COFFIN, Chief Judge, FAIRCHILD,\* and BREYER, Circuit Judges.

PER CURIAM.

In our view, the single significant question of law raised by appellant in its attack on the judgment of the district court in this case turns on the interpretation of Article 1590 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4373. Because the interpretation at issue raised significant and undecided questions under the law of Puerto Rico, we certified two questions of law to the Supreme Court of Puerto Rico. (See Appendix.) *Gual Morales v. Hernandez Vega,* 604 F.2d 730, 732–33 (1st Cir. 1979); *Pan American Computer Corp. v. Data General Corp.,* 112 D.P.R. ___, 82 J.T.S. 78 (May 14, 1982). The Supreme Court has responded to our certification. It has determined that under the law of Puerto Rico a creditor need not exhaust other assets of a debtor's patrimony before attaching the debtor's participation in a civil partnership. *Torruella Serralles v. Credito e Inversiones de San Miguel, Inc.,* 112 D.P.R. ___, 82 J.T.S. 87 (May 27, 1982). Consequently, we vacate that portion of the judgment of the district court of Puerto Rico of March 2, 1981, as amended on August 31, 1981, and September 30, 1981, which sustained the bankruptcy court when it set aside (on grounds of "failure to exhaust") the appellant's attachment of appellee's participation in the civil partnership "Sucesion Serralles." We remand this case to that court for further proceedings consistent with the law of Puerto Rico as enunciated in *Torruella Serralles v. Credito e Inversiones de San Miguel, Inc., supra.*

*Vacated and remanded.*

APPENDIX

**APPENDIX**

**United States Court of Appeals For the First Circuit**

---

No. 81–1749

IN RE

GUILLERMO TORRUELLA
SERRALLES, ETC.,

DEBTOR,

CREDITO e INVERSIONES de SAN
MIGUEL, INC.,
APPELLANT.

CERTIFICATION

This case turns on a question of Puerto Rico law, as to which we have found no controlling precedent in the decisions of the Supreme Court of Puerto Rico, no authoritative decisions of other high courts dealing with similar provisions, nor any clear guidance in the relevant commentaries. Hence, on our own motion, we certify the question of law to the Supreme Court of Puerto Rico, pursuant to its Rule 27, 4 L.P.R.A. App. I–A, 422–24 (1978). *See Gual Morales v. Hernandez Vega*, 604 F.2d 730, 732–33 (1st Cir. 1979).

### Statement of Facts and the Legal Controversy

In the course of civil proceedings in the Superior Court of Puerto Rico, Credito e Inversiones de San Miguel, Inc. ("Credito") attached the participation of Guillermo Torruella Serralles in the civil partnership "Sucesion Serralles." Whether or not one of Credito's claims subsequently made in federal court against the bankrupt, Torruella Serralles, is "secured" evidently depends upon the validity of that prior attachment.

Both the bankruptcy court and the federal district court for the District of Puerto Rico held that the attachment was invalid under Article 1590 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4373. Invoking the commentaries of Prof. J. Puig Brutau on Article 1590, they concluded that a creditor cannot attach a debtor's participation in a civil partnership unless all other assets in the debtor's patrimony have been "exhaust-

ed," *i.e.*, there are no other assets sufficient to cover the debt. *See* J. Puig Brutau, *Fundamentos de derecho civil*, tome II, vol. 2, 430 (1956). The courts below also held that it is up to the creditor to establish the insufficiency of other assets before he will be allowed to attach the debtor's interest in a partnership. Since Credito did not prove that, when it attached Torruella Serralles' participation in "Sucesion Serralles," there were insufficient other assets in the patrimony, the attachment was declared void and Credito's claim in the bankruptcy proceeding was viewed as "unsecured."

The issues in this case touch upon basic areas of the Puerto Rico civil law of obligations, *see* J. Giron Tena, *Derecho de sociedades*, tome I, 292 (1976), and important provisions regulating the dissolution of civil partnerships, *see, e.g.*, Art. 1591(3), 31 L.P.R.A. § 4391(3); *cf.* A. Gullon Ballesteros, *Curso de derecho civil—Contratos en especial* 352 (1968); J. Ma. Manresa y Navarro, *Commentarios al Codigo civil espanol*, tome XII, 345 (1931); J. Santamaria, *Comentarios al Codigo civil*, tome II, 723 (1958). For one thing, there seems to be some dispute among the commentators as to the existence of the "exhaustion of assets" rule recognized by the courts below. *Compare* J. Puig Brutau, *supra*, *with* J. Ponsa Gil, *Sociedades civiles, mercantiles, cooperativas y de seguros*, vol. 1, 132 (2d ed. 1923). Foreign courts, whose opinions might otherwise be helpful, apparently have not had an opportunity to face the controversy. *See* M. Rodriguez Navarro, *Doctrina civil del Tribunal Supremo*, tome IV, 5426–29 (1951) (Spain); E. Menendez, *Codigo civil*, tome III, 138–40 (1959) (Cuba).

For another thing, it is not clear to us whether or not the "exhaustion of other assets" rule—if it applies—requires the creditor to prove "exhaustion" or whether the rule should apply only as a defense raised by the debtor or his partners. While the courts below held that the creditor must prove that the rule's requirements are satisfied, we note Credito's argument that the debtor, not the creditor, is likely to have the necessary information, and we also note certain civil law analogies in support of Credito's claim. *See* Article 1731, 31 L.P.

R.A. § 4893; *Polanco v. Goffinet*, 33 P.R.R. 319 (1924).

Because we believe that the resolution of these questions about the exhaustion requirement will control the court's disposition of this case, we submit for certification to the Supreme Court of Puerto Rico the following

*Questions of Law:*

1. Is a creditor required by the relevant provisions of the Civil Code to exhaust all other assets of the debtor's patrimony before attaching and executing upon the debtor's participation in a civil partnership?

2. If so, must the creditor assert, or prove, satisfaction of this requirement before he can attach the partnership participation, or does the requirement simply make a defense available to the debtor or the other parties, should they choose to assert it? **

United States Court of Appeals
for the First Circuit
By FRANK M. COFFIN
Chief Judge

Date:
May 6, 1982

** Copies of the briefs and appendix in this case will be transmitted to the Supreme Court of Puerto Rico along with this Certification.