MIGUEL HERNÁNDEZ AGOSTO, PRESIDENTE DEL SENADO DE PUERTO RICO, ETC., demandantes y recurridos, *v.* CARMELO ORTIZ MONTES y OTROS, demandados y recurrentes.

Número: R-84-276     Resuelto: 29 de junio de 1984

*Hon. Nelson Martínez Acosta, Secretario de Justicia, Lourdes del Carmen Rodríguez* e *Iraelia Pernas*, abogadas del Departamento de Justicia, abogados de los recurrentes; *Marcos A. Ramírez*, de *Ramírez & Ramírez*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Consideramos en este recurso si las comisiones legislativas pueden continuar ejerciendo sus funciones después de la fecha en que finaliza la sesión ordinaria. El tribunal de instancia resolvió afirmativamente la cuestión al solicitarle el señor Presidente del Senado, Hon. Miguel Hernández Agosto, por sí y en representación del Senado, que expidiera una orden de citación contra los recurrentes para que comparecieran ante la Comisión de Instrucción del Senado el día

1ro de junio del corriente, en vista de la reiterada negativa de éstos a comparecer a testificar ante los organismos de dicho cuerpo.

No conforme con dicha orden los recurrentes acudieron ante este Tribunal en solicitud de revisión.

Habida cuenta de que el recurrido ha sometido su posición por los argumentos y fundamentos contenidos en su escrito de Oposición a Solicitud de Paralización de Orden de Citación ante el tribunal de instancia, proveemos al amparo de la Regla 50 del Reglamento de este Tribunal.

La controversia surgió con motivo de la investigación encomendada por el Senado a su Comisión de Instrucción mediante las Resoluciones del Senado 653 de 22 de abril de 1983 y 667 de 29 de abril de ese mismo año.[1] Ambas resoluciones dispusieron que los informes finales se rindieran al comienzo de la siguiente sesión ordinaria. En vista de que las Comisiones no habían podido terminar su investigación, el Senado extendió el término para rendir informes finales "hasta el último día de la presente Asamblea Legislativa" conforme aparece en la Resolución del Senado 827 de 30 de abril de 1984.

La posición de los recurrentes es al efecto de que las comisiones del Senado carecen de facultad para realizar investigaciones una vez ha concluido la sesión ordinaria de ese cuerpo legislativo. Arguyen que reconocer tal facultad a las comisiones legislativas equivaldría a concederle a la Asamblea Legislativa unos poderes que el ordenamiento jurídico no le confiere, quebrándose así el principio de la separación de poderes.

A poco que examinemos la Sec. 10 del Art. III de la Constitución del Estado Libre Asociado de Puerto Rico y su

---

[1] La Res. del Senado 653 encomienda a la Comisión de Instrucción realizar un análisis a fondo en torno al funcionamiento del Departamento de Instrucción Pública. La Resolución 667 ordena a la Comisión de Instrucción y de lo Jurídico investigar las operaciones y el funcionamiento de los servicios públicos de Radio y Televisión WIPR Canal 6, WIPM TV Canal 3, y WIPR AM–FM.

antecedente histórico nos convenceremos de que no tienen razón.

■ La Carta Orgánica de 1917 restringía la sesión ordinaria de la Asamblea Legislativa a periodos anuales que comenzaban el segundo lunes de febrero de cada año y terminaban, a más tardar, el 15 de abril, 1 L.P.R.A. sec. 33. Esta limitación reducía la eficacia de la función legislativa en detrimento de la solución a los complejos problemas que requerían acción de los cuerpos legislativos. De ahí que la Convención Constituyente invistiera con carácter de continuidad las funciones legislativas, precisamente con el propósito de eliminar esas dificultades.

■ Así, la Sec. 10 del Art. III de la Constitución del Estado Libre Asociado de Puerto Rico expresamente reconoce que la Asamblea Legislativa es un cuerpo de carácter continuo. Al respecto dispone:

> La Asamblea Legislativa será un cuerpo con carácter continuo durante el término de su mandato y se reunirá en Sesión Ordinaria cada año a partir del segundo lunes de enero. La duración de las sesiones ordinarias y los plazos para la radicación y la consideración de proyectos serán prescritos por ley.

Los debates de la Convención Constituyente iluminan el alcance y propósito de esta disposición. Reproducimos, en lo pertinente, la discusión del tema según aparece en el Diario de la Convención Constituyente:

> SR. REYES DELGADO: A los efectos de ilustrarnos mejor para votar en relación con esta enmienda, quisiéramos que se nos aclare cómo han de diferir las funciones de los legisladores bajo el sistema ordinario de trabajo de una legislatura continua, frente a los que desempeñaba el legislador en la legislatura del tipo que organizó la Carta Orgánica.
>
> SR. NEGRÓN LÓPEZ: La diferencia consiste . . .
>
> SR. REYES DELGADO: ¿Entendió mi pregunta?
>
> SR. NEGRÓN LÓPEZ: Sí, cómo no. La diferencia consiste, en primer término, sobre cosas adjetivas, está en la diferencia básica inicial de que los proyectos se radican una sola vez, como se radican en el Congreso americano, para un solo con-

greso y no hay que hacer radicaciones anuales ni mucho menos radicaciones para sesiones extraordinarias.

Puede haber hasta una sesión extraordinaria convocada por el Gobernador para tratar temas que han sido objeto de legislación ya radicada y pendiente de acción en las comisiones. *Eso implica que cuando termina, cuando expira un término legislativo, no muere la encomienda de la comisión. No finaliza la encomienda de la comisión. La comisión tiene una encomienda continua, que le permite, y no solamente le permite, sino que le señala el deber de continuar estudiando las proposiciones que puedan haber y las materias que puedan estar incluidas en esa legislación, con miras a recomendaciones en sesiones extraordinarias en que el tema se abra a discusión, o en sesiones ordinarias futuras.*

Por otra parte, en el proceso legislativo que hemos seguido hasta ahora, que lo hemos utilizado quizás un poquito más de lo que era deseable, pero que era inevitable bajo las disposiciones tan herméticas de la Ley Jones, el poder legislativo no se toma la iniciativa de producir afirmativamente la legislación. El poder legislativo tiende a caer en la rutina de aceptar las recomendaciones del Ejecutivo y revisarlas y pasar sobre las motivaciones o sobre los fundamentos de las medidas que se adopten.

Con un sistema legislativo de funcionamiento continuo el poder legislativo tendrá la oportunidad y además, señalado constitucionalmente, el deber de dedicarse a estudiar los problemas que atañen a los legisladores como tales.

Me imagino que las comisiones fiscales, estudiarán los problemas fiscales del país. Las comisiones jurídicas, los problemas judiciales, la del trabajo, los problemas del trabajo, la de agricultura, los problemas de la agricultura, la de industria, los problemas de la industria. Y sin duda alguna, cuando lleguen las sesiones, el legislador podrá estar empapado. El cuerpo legislativo como instrumento, como organismo total tiene la oportunidad de enterarse de los problemas con los cuales tiene que confrontarse.

SR. REYES DELGADO: ¿Entonces, la función de las comisiones ha de ser continua?

SR. NEGRÓN LÓPEZ: Continua.

SR. REYES DELGADO: Nada más.

(Énfasis nuestro.) 2 Diario de Sesiones de la Convención Constituyente 1247–1248 (1951).

■ Esta discusión demuestra ciertamente que el propósito de investir de continuidad a las funciones de la Asamblea Legislativa fue que al finalizar la sesión ordinaria el 30 de abril, las comisiones pudieran seguir desempeñando sus funciones en beneficio de las responsabilidades constitucionales de la Asamblea Legislativa.

■ Los cuerpos legislativos tienen, pues, la potestad de ordenar a sus respectivas comisiones, como lo hizo el Senado en este caso, que continuen sus trabajos hasta el último día de la Asamblea Legislativa, o sea, hasta que los miembros de la nueva Asamblea Legislativa ocupen sus puestos el mes de enero siguiente a la última elección general. (Art. III, Secs. 1 y 10 de la Constitución.) Aceptar el argumento en contrario de los recurrentes constituiría un regreso al antiguo sistema legislativo de la Ley Jones en menoscabo del nuevo esquema expresamente adoptado en nuestra Constitución.

Los recurrentes argumentan, además, que la Resolución del Senado 827 tan sólo concedió a la Comisión de Instrucción una prórroga para "rendir informes finales" y no para continuar la investigación autorizada por las Resoluciones del Senado 653 y 667. El argumento pierde de vista que en la Exposición de Motivos de dicha resolución se expresa claramente la razón de su aprobación en los siguientes términos:

Estas investigaciones están en proceso. En algunas áreas la fase investigativa y analítica ha terminado. En otras, está aún en proceso.

En ocasiones el Departamento de Instrucción Pública ha solicitado prórrogas para someter información que se ha solicitado. Otras veces, funcionarios citados se han negado a comparecer y a prestar declaración ante la Unidad de Investigación Legislativa del Senado.

En vista de estas circunstancias es necesario conceder una prórroga a las comisiones de Instrucción y de lo Jurídico para radicar informes finales de las resoluciones del Senado 653 y 667. Dicha prórroga debe extenderse hasta el último día de la presente Asamblea Legislativa.

Es decir, la extensión del término para rendir informes finales fue precisamente para que las comisiones pudieran terminar la investigación. Los propios recurrentes admiten en su solicitud de revisión que "las comisiones no pueden rendir sus informes finales si no cuentan con una investigación completa". No es lógico, pues, entender que la Resolución del Senado 827 sólo prorrogó el término para rendir informes de una investigación incompleta.

No es admisible el argumento de que no procedía ordenar la comparecencia de los recurrentes porque no había representación de la minoría en las vistas de la comisión. Los recurrentes, entre otras razones, no aducen haber sufrido perjuicio que amerite remedio en este recurso.

*Se expedirá el auto y se dictará sentencia que confirme la aquí recurrida.*

El Juez Asociado Señor Rebollo López está conforme con la opinión del Tribunal, y por lo tanto suscribe la misma, haciendo la salvedad de que la situación podría ser distinta en el caso de aquellas comisiones legislativas cuyas funciones sean de naturaleza diferente a las de las comisiones aquí en controversia.