Hon. Jose J. Dapena THOMPSON, Mayor of Ponce, et al., Plaintiffs,

v.

Hon. Severo Colberg RAMIREZ, Speaker of the House of Representatives of Puerto Rico, et al., Defendants.

Civ. No. 84–2329 HL.

United States District Court, D. Puerto Rico.

Sept. 28, 1984.

## OPINION AND ORDER

LAFFITTE, District Judge.

### FACTS.

Plaintiffs José Dapena Thompson, Mayor of the Municipality of Ponce, the Assembly of the Municipality of Ponce, and the Municipality's employees and officials, under investigation by the defendants, have brought this action in federal court asking for both declaratory and injunctive relief against defendants, as alleged in their Verified Complaint filed September 18, 1984.

Defendants are Hon. Severo Colberg, Speaker of the House of Representatives, Hon. José E. Arrarás, Hon. Rony Jarabo, and other members of the Special Committee to Investigate all the Transactions carried out by the Shearson-American Express Co. with Governmental Instrumentalities, Public Corporations, Municipalities, and Private Entities in Puerto Rico. Through Attorney Ramírez Lavandero, defendants argued at the hearing held on September 27, 1984, that (1) this Court has no jurisdiction to hear this case, (2) that defendants enjoy absolute legislative immunity from this type of action.

The following facts were basically derived from plaintiffs' verified complaint and exhibits attached thereto. On April 9, 1984, the Puerto Rico House of Representatives approved House Resolution Number 921, creating a Special Committee to Investigate all the Transactions Carried out by Shearson-American Express Co. with Governmental Instrumentalities, Public Corporations, Municipalities, and Private Entities in Puerto Rico (Exhibit A attached to Verified Complaint). This Resolution of March 9, 1984, published on April 9, 1984, was to last three months. (Resolution 921, paragraph 4.)

On June 25, 1984, codefendant Colberg, the Speaker of the House, unilaterally extended the mandate of House Resolution 921, to continue until the last day of this legislative session [1] (Exhibit B, Verified Complaint).

---

1. See *Hernández Agosto v. Ortiz Montes,* DPR, 84    JTS 64 (June 29, 1984), in which the Supreme

The Special Committee, composed of defendants herein, served subpoenas ad testificandum and duces tecum upon plaintiffs during the month of August, 1984. The subpoenas compelled testimony and production of documents under penalty of civil and criminal contempt (Exhibit C, Verified Complaint).

### BASIS FOR CLAIM

Based on the foregoing, plaintiffs assert two claims for relief. Plaintiffs request the Court to declare, inter alia, whether the Speaker of the House, in the absence of a House resolution, can unilaterally extend the deadline of a previous House Resolution, and whether such unilateral extension may allow for subpoenas under power of contempt.

Plaintiffs also request the Court to issue a preliminary and permanent injunction pursuant to 42 U.S.C. § 1983, enjoining defendants from enforcing the subpoenas issued against plaintiffs. Plaintiffs assert such subpoenas violate their rights under the Fourth and Fourteenth Amendments of the United States Constitution.

### FEDERAL QUESTION.

Defendants contend that the complaint does not raise a federal question and should be dismissed accordingly. Plaintiffs predicate their complaint on Fourth and Fourteenth Amendments to the Constitution of the United States, and on 42 U.S.C. § 1983, the Civil Rights Statute. It is plain that the federal law that gives rise to a federal question must be an element of plaintiffs' complaint. The complaint raises the issue that a subpoena issued to plaintiff Dapena Thompson, under penalty of contempt, is null and void because it was issued by a legislative committee which functions had expired, and was not lawfully renewed by a House resolution; that the unilateral extension of the committee's functions by the Speaker of the House, is ultra vires and without legal significance. Plaintiff Dapena Thompson alleges that subjecting him to contempt proceedings, as

admonished by the subpoena, violates his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

It must be said that whether there is a claim presenting a federal question, and whether that claim is well founded when considered on its merits, are two separate and distinct questions. *Junior Chamber of Commerce of Rochester, Inc. v. U.S. Jaycees, Tulsa, Oklahoma*, 495 F.2d 883 (10th Cir.1974). That is, jurisdiction is not lost because the court ultimately concludes that the federal claim is without merit.

"But if the plaintiff really makes a substantial claim under an act of Congress, there is jurisdiction whether the claim ultimately be held good or bad." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913).

Plaintiff Dapena Thompson must, however, overcome the threshold obstacle of legislative immunity raised by defendants. It is well settled law that state legislators, when acting "in the sphere of legitimate legislative activity" enjoy a *federal common law* absolute immunity from suit under 42 U.S.C. § 1983. *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 731–32, 100 S.Ct. 1967, 1974, 64 L.Ed.2d 641 (1980); *Tenney v. Brand Nove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). What constitutes a "legitimate sphere of legislative activity" subject to immunity in a Section 1983 suit is a matter of federal law for federal courts to decide. *Colon Berrios v. Hernandez Agosto*, 716 F.2d 85 (1st Cir.1983); *Agromayor v. Colberg*, 738 F.2d 55 (1st Cir.1984).

In the instant case, the answer to the aforesaid question hinges upon an interpretation of Section 11, Rule III of the Regulations of the House of Representatives of the Commonwealth, as well as on the Constitution of the Commonwealth of Puerto Rico. The Puerto Rico Supreme Court has not authoritatively ruled on the powers and

Court of Puerto Rico held that investigative committees could extend past the 30 April Recess of the House, and continue until new members occupy seats in January 1985 after the following general election. P.R. Const. Art. 3 Section I and X.

faculties of the Speaker of the House to extend the time period of the special House Committee *without* a House resolution. We note that in *Hernandez Agosto v. Ortiz Montes*, DPR, 84 JTS 64 (June 29, 1984), the Puerto Rico Supreme Court, ruled that legislative committees may continue exercising their functions beyond the close of the regular session on April 30, 1984, because the legislative assembly is a continuous body during the four-year term. However, in the ORTIZ MONTES case there was a valid resolution approved by the Senate, extending the time for investigation by the Committee. Likewise, in *Colon Berrios v. Hernandez Agosto, supra,* the Court of Appeals emphasized that:

> "It seems clear that the holding of these hearings in public and the gathering of the evidence needed fell within the *legitimate* sphere of legislative activity. *The hearings were properly authorized by Puerto Rico Senate Resolution 91 . . .*"

The constitutional immunity for Congressmen is based chiefly upon the separation of powers. As said immunity applies to state and Commonwealth legislators, principles of comity and federalism must also be considered.

Accordingly, because the resolution of the constitutional question raised before this Court turns on issues of Puerto Rico law, this Court shall abstain. Abstention is appropriate when there are "unsettled questions of state law." *Harris County Commissioner Court v. Moore*, 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975); *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Colon Gonzalez v. Diaz Gonzalez*, 536 F.2d 453 (1st Cir.1976).[2]

The declaratory action turns on a question of Puerto Rico law, as to which we have found no controlling precedent in the decisions of the Supreme Court of Puerto Rico, no authoritative decisions of other high courts dealing with similar provisions, nor any clear guidance in the relevant commentaries. Hence, on our own motion, we

shall certify the question of law presented by the declaratory action before us, to the Supreme Court of Puerto Rico, Rule 27, 4 LPRA App. I–A, 422–24 (1978). See, *In re Torruellas-Serralles*, 684 F.2d 170 (1st Cir. 1982).

The Court shall refrain from acting on the merits of plaintiffs' Section 1983 action, pending the resolution of declaratory action certified to the Supreme Court as stated above. Therefore, the Court shall not issue a Preliminary Injunction under 42 U.S.C. § 1983. However, interim temporary relief to do justice to both parties, and to preserve the issues for adjudication, is appropriate and consistent with abstention. *Romany v. Colegio De Abogados De P.R.*, 742 F.2d 32 (1st Cir.1984); *Harrison v. NAACP*, 360 U.S. 167, 179, 79 S.Ct. 1025, 1031, 3 L.Ed.2d 1152 (1959); *Catrone v. Massachusetts State Racing Com'n.*, 535 F.2d 669, 672 (1st Cir.1976).

Therefore, the Court shall stay any action on the plaintiffs' Section 1983 action, but shall issue a temporary injunction, enjoining the defendants from enforcing the subpoenas in issue herein. Such injunction shall be in force and effect pending the outcome of the Certification to the Supreme Court. Following the resolution by the Supreme Court, the parties shall move this Court for further action consistent therewith.

WHEREFORE, defendants are hereby ORDERED to refrain from enforcing any subpoena served upon the plaintiffs herein.

It is further ORDERED that this case be stayed, pending resolution of Certification to the Supreme Court of Puerto Rico.

The Clerk is instructed to Certify to the Supreme Court of Puerto Rico the Question of Law to be provided by this Court pursuant to 4 LPRA App. I–A, Rule 27.

IT IS SO ORDERED.

## CERTIFICATION

This case hinges on a question of Puerto Rico law, as to which there is no controlling

---

**2.** During oral argument, counsel for defendants brought the abstention issue.

precedent in the decisions of the Supreme Court of Puerto Rico. Hence, *sua sponte* this Court certifies the question of law to the Supreme Court of Puerto Rico, pursuant to 32 LPRA App. III R. 53.1, and 4 App. I–A, 449–50 (1978).

The facts underlying the controversy appears in the Opinion and Order of this Court of even date. Accordingly, this Court submits for certification to the Supreme Court of Puerto Rico the following question of law:

The Puerto Rico House of Representatives, having approved Resolution 921 on April 9, 1984, creating a Special Committee to investigate and report within three months on the activities of Shearson-American Express Co. with the Municipality of Ponce and others, may the Speaker of the House under the laws and Constitution of Puerto Rico, and pursuant to Section 11 of Rule III of the House Regulations, unilaterally extend that deadline to the end of the legislative session? San Juan, Puerto Rico, September 28, 1984.

See also D.C., 597 F.Supp. 726.