HON. JOSÉ J. DAPENA THOMPSON, ALCALDE DE PONCE ET AL., demandantes, *v.* HON. SEVERO COLBERG RAMÍREZ, PRESIDENTE DE LA CÁMARA DE REPRESENTANTES DE PUERTO RICO ET AL., demandados.

*Número:* O-84-670 *Resuelto:* 8 de octubre de 1984

*Antonio Córdova González*, abogado de los demandantes; *Marcos A. Ramírez*, abogado de los demandados.

PER CURIAM: El Sr. José Dapena Thompson, Alcalde de Ponce, acudió el 13 de septiembre de 1984 a la Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico con el propósito básico de impedir al señor Presidente de la Cámara de Representantes de Puerto Rico y a la Comisión Especial encargada de investigar los negocios de Shearson-American Express Co. con dicho municipio, que lo citaran, so pena de desacato, a declarar y a producir documentos relativos a las operaciones administrativas y transacciones financieras, ordenanzas municipales, autorizaciones de empréstito por el señor Gobernador de Puerto Rico, y demás extremos. Tal citación le había sido notificada al señor Dapena Thompson el 13 de agosto de 1984. La corte federal —Hon. Héctor M. Lafitte— con reservas, asumió jurisdic-

ción preliminar y emitió una orden temporera al efecto de prohibir al señor Presidente de la Cámara y a los miembros de la Comisión Especial de Investigaciones que pusieran en vigor las citaciones en cuestión. Simultáneamente, *sua sponte*, la corte federal nos certificó la cuestión de si el señor Presidente de la Cámara tiene facultad para extender, hasta el final del término de la actual Asamblea Legislativa, el plazo para que rinda un informe la referida comisión.

 Según expresamos en *Pan Ame. Comp. Corp.* v. *Data Gen. Corp.*, 112 D.P.R. 780, 788 (1982), siguiendo la norma recomendada en la Ley Uniforme de Certificación de Cuestiones de Derecho Sec. 1, 12 U.L.A. 52 (1975):

> La facultad de este Tribunal para conocer de asuntos que le son certificados por la Corte federal es de carácter discrecional y no mandatorio.

La procedencia de la certificación presenta una cuestión de derecho puramente estatal. Nota, *Civil Procedure—Scope of Certification in Diversity Jurisdiction*, 29 Rutgers L. Rev. 1155, 1160–1161 (1976); *White* v. *Edgar*, 320 A.2d 668, 676–677 (Me. 1974). Entre los factores que se consideran por los tribunales para ejercer su discreción en estos casos se cuentan los siguientes: 1) el hecho de que la cuestión certificada se plantee dentro de una acción federal sustancial, con probabilidad suficiente de éxito de que se le reconozca finalmente como tal; 2) la novedad de la cuestión y la ausencia de una contestación razonablemente clara; y 3) la seguridad de que la aceptación de la certificación no resulte inadvertidamente en tardanza de tal género que afecte indebidamente los intereses públicos y privados envueltos.

 Este Tribunal estima que el litigio que provoca la certificación no cumple con los requisitos del primer factor. La cuestión planteada, según expuesta en la orden de certificación, envuelve en esencia el significado del Art. III, Sec. 10 de la Constitución del Estado Libre Asociado de Puerto Rico, en cuanto declara que la Asamblea Legislativa "será

un cuerpo con carácter continuo durante el término de su mandato . . . ". La interpretación de esta disposición de la Constitución le corresponde naturalmente, con carácter exclusivo, al Tribunal Supremo de Puerto Rico.

██ En lo tocante al segundo factor, la cuestión certificada no es novel. La naturaleza de la respuesta es razonablemente clara. En *Hernández Agosto* v. *Ortiz Montes*, 115 D.P.R. 564 (1984), resolvimos que, dado el carácter continuo de la Asamblea Legislativa, las comisiones legislativas pueden continuar ejerciendo sus funciones después de la fecha en que finaliza la sesión ordinaria. En ese caso el Senado había prorrogado el término de las comisiones para rendir su informe. En el caso de autos, el demandante argumenta que el Presidente de la Cámara no posee a solas tal facultad. El argumento pierde de vista los términos claros de la Regla III, inciso 11 del Reglamento de la Cámara, que provee:

> . . . cuando la Cámara no estuviere reunida, el Presidente podrá encomendar a cualquier comisión permanente o especial, el estudio de cualquier asunto que él considere de naturaleza urgente o de interés público.

De esta disposición reglamentaria, junto a nuestra opinión en *Hernández Agosto* v. *Ortiz Montes*, supra, se desprende sin dificultad la respuesta a la cuestión certificada.[1] En situaciones como la de autos, las autoridades están contestes en que no debe acudirse a la certificación si la contestación a una pregunta es razonablemente clara. 17 *Wright, Miller & Cooper, Federal Practice and Procedure* Sec. 4248 (1978); *State of Fla. ex rel. Shevin* v. *Exxon Corp.*, 526 F.2d 266, 275–276 (5th Cir. 1976), *cert.* denegado, 429 U.S. 829 (1976);

---

[1] La Regla XIII, inciso 8 del Reglamento vigente de la Cámara —regulatoria del trámite para la concesión de prórrogas— no milita contra la aplicación de la transcrita Regla III, inciso 11. La lectura integral de ambas, a la luz de *Hernández Agosto* v. *Ortiz Montes*, 115 D.P.R. 564 (1984), obliga a concluir que la primera sólo opera cuando la Cámara está en sesión. Durante el receso se activa la facultad de prorrogar, como parte del poder conferido al Presidente en la Regla III, inciso 11, a fin de viabilizar el carácter continuo constitucional del cuerpo.

*Tarr* v. *Manchester Ins. Corp.*, 544 F.2d 14, 15 (1rst Cir. 1976); *Thiry* v. *Atlantic Monthly Company*, 445 P.2d 1012, 1013 (Wash. 1968).

Finalmente, en lo que toca al tercer factor, la aceptación de esta certificación dilataría innecesariamente los procedimientos. *Cf. State of Fla. ex rel. Shevin* v. *Exxon Corp.*, supra, págs. 275-276. Para otros asuntos relacionados, véase: Nota, *The Uniform Certification of Questions of Law Act*, 55 Iowa L. Rev. 465, 473 (1969).

Por las razones expuestás, *este Tribunal se abstendrá de aceptar la certificación remitida por la honorable Corte de Distrito de Estados Unidos para el Distrito de Puerto Rico.*