**Hon. Jose J. Dapena THOMPSON, Mayor of Ponce, et al., Plaintiffs,**

**v.**

**Hon. Severo Colberg RAMIREZ, Speaker of the House of Representatives of Puerto Rico, et al., Defendants.**

**Civil No. 84–2329 HL.**

United States District Court, D. Puerto Rico.

Oct. 25, 1984.

## OPINION AND ORDER

LAFFITTE, District Judge.

Present before this Court is defendants' Motion to Dismiss this action, and to Vacate Injunction. Plaintiffs have vigorously opposed this motion. The Court entered a temporary injunction after a hearing on September 27, 1984. The order refrained defendants from enforcing any subpoenas against plaintiffs, pending the question of state law, which this Court then certified to the Supreme Court of Puerto Rico on September 28, 1984. Certification was made through certified mail on October 1, 1984, by the Clerk of this Court. On October 8, 1984, the Supreme Court, without the benefit of a record and without hearing the parties, issued an opinion, per curiam, declining to exercise its discretion to answer the question certified.

On October 9, 1984, defendants filed their motion to dismiss and vacate temporary injunction, with briefs in support thereof. The facts underlying this matter are set forth in our Opinion and Order filed on September 29, 1984, 597 F.Supp. 727 (D.C.P.R.1984), and need not be reproduced again.

## CERTIFICATION.

The Supreme Court, in its per curiam order of October 8, 1984, mentions the following three factors that it will consider before exercising its discretion to answer a certified question: (1) the probability of success on the merits of the federal claim; (2) whether the question of law certified is novel, and (3) whether certification would delay the matter to the detriment of both the public interest and interests of the parties to the lawsuit.

The Supreme Court, by its own rules, may decline to exercise its discretion

to answer a question of Puerto Rico law certified to it from the District Court. However, in so doing, it should not purport to rule on the questions of federal law presented to the District Court. Whether federal jurisdiction exists in a complaint filed in a federal court, and whether the facts alleged in a complaint states a claim for relief, based on questions of federal law, is for the federal court to decide. Just two days ago, the First Circuit admonished both insular and federal courts to strictly adhere to their proper jurisdiction. *Hernandez Agosto v. Romero Barcelo,* 748 F.2d 1 (1st Cir.1984).

The Supreme Court relies on its opinion in *Pan American Corp. v. Data General Corp.,* 112 DPR 780 (1982), in reaching its decision to decline to answer the question certified to it. In *Data General,* the Supreme Court enunciated more clearly its policy for refusal of certified questions from the District Court. See, *Data General, supra,* 112 DPR at 794. It is clear now that the Supreme Court has decided that, unless it has the last word on *all* matters presented by a lawsuit, it will not answer specific or limited questions of Commonwealth constitutional or statutory law presented to it for resolution.

█ Such parochial[1] policy castrates the abstention/certification process, and undermines the attitudes of comity and federalism that should be fostered between the Puerto Rico Supreme Court and this Federal District Court. As Judge Breyer cogently stated in *In re Justices of Supreme Court of Puerto Rico,* 695 F.2d 17, 21 (1st. Cir.1982):

"Judges sit as arbiters without a personal or institutional stake on either side of the constitutionality of the statute.

They are sworn to uphold the Constitution of the United States. They will consider and decide a claim that a state or Commonwealth statute violates the federal Constitution without any interest beyond the merits of the case."

The United States Supreme Court has clearly enunciated the value of good faith interchange between the federal and state courts. In *England v. Louisiana State Bd. of Med. Exam.,* 375 U.S. 411, 424, 84 S.Ct. 461, 468, 11 L.Ed.2d 440 (1964), the United States Supreme Court held that when a federal District Court abstains from hearing a constitutional issue until the state courts have decided a question of state law necessary to its resolution, a litigant may expressly reserve his/her right to return to the federal court for a final resolution of that constitutional issue. The Court recognized that in such cases, where the state courts are asked to construe a state statute against the backdrop of a federal constitutional challenge, a holding from the state court may imply that the constitutional challenge is without merit. *England, supra,* 84 S.Ct. at 467. However, the Court unequivocally held that with a clear reservation of rights, a litigant may still return to the federal court for a resolution of remaining constitutional issues. In other words, comity is a two-way street. *Romany v. Colegio De Abogados De P.R.,* 742 F.2d 32 (1st Cir.1984).

█ This does not mean, as the Puerto Rico Supreme Court suggests in *Data General,* that its opinion is merely advisory, and will be reviewed by the District Court.[2] It means only that a litigant has the right to choose to have its federal constitutional claims heard in a federal forum. *England, supra,* 84 S.Ct. at 464–465. The Supreme Court's apprehension of advisory opinions is unfounded.[3] It has been unquestionably

---

1. See, Pedreira, Antonio S., *Insularismo: ensayo de interpretación puertorriqueña.* Madrid: Tipografía Artística, 1934.

2. See *Wackenhut Corp. v. Calero,* 362 F.Supp. 715 (DPR 1973). In said case, several provisions of a Puerto Rico statute were invalidated as repugnant to the Constitution of the United States, after the Puerto Rico Supreme Court

upheld the statute under the Puerto Rico Constitution. *Wackenhut Corp. v. Rodríguez Aponte,* 100 PRR 516 (1972).

3. The First Circuit Court of Appeals has certified questions to the Supreme Court of Puerto Rico, and based on its response, has ultimately decided the case pursuant thereto. See, *In Re Torruella-Serrallés,* 684 F.2d 170 (1st Cir.1982); *Tor-*

held that an opinion of a state Supreme Court issued in response to a question certified by a federal court, is final and binding on the parties as to the issue of state law, to be given full *res judicata* effect by the federal court.[4] *Tarr v. Manchester Ins. Corp.*, 544 F.2d 14 (1st Cir.1976); *Nat'l. Ed. Ass'n., Inc. v. Lee Cty. Bd. of Public Inst.*, 467 F.2d 447 (5th Cir.1972). See also, 17 Wright & Miller, *Federal Practice & Procedure*, Section 4248 at p. 532.

The ENGLAND case involved abstention by the federal court rather than certification. Certification can achieve the same objectives as abstention, but at a much lower price.[5] See, Kurland, *Toward a Cooperative Judicial Federalism: The Federal Court Abstention Doctrine*, 24 F.R.D. 481, 489–90 (1960). See also, Justice Frankfurter's opinion in *Clay v. Sun Insurance Office, Ltd.*, 363 U.S. 207, 212, 80 S.Ct. 1222, 1225, 4 L.Ed.2d 1170 (1960).

However, since the Supreme Court, for the reasons enunciated in its per curiam opinion, did not answer the question of whether the defendants in this case acted outside the scope of the authority given to them by Commonwealth of Puerto Rico House Resolution # 921, this Court shall proceed to do so. This question is essential to decide the threshold defense of legislative immunity, even before any inquiry shall be made into the cause of action alleged.

The defendants have made three arguments to the Court in support of their motion to dismiss plaintiffs' complaint: (1) that they enjoy absolute immunity from suit under the facts alleged by plaintiffs; (2) that this Court is without subject matter jurisdiction because the claims are frivolous; and (3) that plaintiffs fail to state a claim for relief.

The plaintiffs have vigorously opposed this motion, arguing that: (1) defendants acted beyond the scope of the authority granted by House Resolution No. 921, and are therefore not immune from suit, and (2) their complaint is not frivolous because it is supported by a conceivable set of facts upon which relief could be granted.

For the reasons stated below, the Court shall dismiss the plaintiffs' complaint.

## LEGISLATIVE IMMUNITY

It has been consistently held by the United States Supreme Court that legislators shall be immune from civil lawsuits, based on activities undertaken within the "sphere of legitimate legislative activity." *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 504, 95 S.Ct. 1813, 1821, 44 L.Ed.2d 324 (1975); *Gravel v. United States*, 408 U.S. 606, 626, 92 S.Ct. 2614, 2627, 33 L.Ed.2d 583 (1972); *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). While these rulings were based on the Speech and Debate Clause of the United States Constitution, and applied to U.S. Congressmen and Senators, the Supreme Court has held that a federal common law privilege exists to protect state legislators in a similar way from suits under 42 U.S.C. § 1983. *Sup. Ct. of Virginia v. Consumers Union*, 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980); *Wheeldin v. Wheeler*, 373 U.S. 647, 649, 83 S.Ct. 1441, 1443, 10 L.Ed.2d 605 (1963). See also, *Colon Berrios v. Hernandez Agosto*, 716 F.2d 85 (1st Cir.1983).

Furthermore, it has been held that the power to investigate, and to do so through compulsory process plainly falls

---

*ruella-Serrallés v. Crédito e Inversiones de San Miguel*, 113 DPR \_\_\_, 82 JTS 83 (May 27, 1982).

**4.** This is so, even though early decisions of a few other states expressed the fear of advisory opinions. See *United Services Life Ins. Co. v. Delaney*, 396 S.W.2d 855 (Tex.1965); *In Re Richards*, 223 A.2d 827, 830 (Me.1966).

**5.** Had this Court merely abstained, the parties would have been forced to navigate the shoals of first instance litigation. Arrival at the Supreme Court harbor would have taken months, perhaps years, and truly delayed the matter to the detriment of the parties. Precisely, by certifying the matter directly to the Puerto Rico Supreme Court, a long—possibly tempestuous—voyage is avoided.

within legislative activity. *Tenney, supra,* 71 S.Ct. at 789; *Eastland, supra,* 95 S.Ct. at 1822; *Colon Berrios, supra,* 716 F.2d at 90. However, in each of these cases, the Supreme Court and the Court of Appeals specifically held that the challenged subpoenas had been issued under the proper authority of a House or Senate resolution. See, *Eastland, supra,* 95 S.Ct. at 1822–23; *Tenney, supra,* 71 S.Ct. at 785; *Colon Berrios, supra,* 716 F.2d at 90. This Court believes that without such authorization, when it is specifically required by House or Senate rules, actions taken by legislators may not be immune.

■ The allegations made here are that House Resolution No. 921 specifically granted authority to a Special Investigative Committee to investigate the relationship between Shearson-American Express and the Municipality of Ponce, for three months. It is further alleged that the Speaker of the House then extended that limitation, by his own action, without another resolution of the full House. Because the extent of the Speaker's authority is essentially a question of state law, this Court asked the Supreme Court of Puerto Rico to decide whether he had such authority. The Supreme Court declined to do so, as is discussed above. Since this Court has retained jurisdiction to decide this matter, this Court shall endeavor to answer this question.

The defendants rely on the recent Supreme Court decision of *Hernandez Agosto v. Ortiz Montes,* 84 JTS 64 (1984), for the proposition that the Speaker could extend the existence of the Special Committee without a full House Resolution. See defendants' brief p. 4. However, the ORTIZ MONTES case stands only for the proposition that the legislative assembly of Puerto Rico as a body is continuous in nature. It does not discuss the powers of the Speaker of the House. In *Corujo Collazo v. Viera Martinez,* 111 DPR 552 (1981), the Puerto Rico Supreme Court held that the powers of the Speaker of the House are not co-extensive with the whole body. Therefore, the Court held that the Speaker could not unilaterally prevent an assemblyman from being seated in the House. See *Corujo Collazo, supra,* 111 DPR at 560–562.

Defendants also argue that House Rule III, sec. 11, authorizes the House Speaker to initiate investigations by special or general committees. This Court disagrees with defendants' interpretation of this Section.[6] This rule merely gives the Speaker the authority to nominate persons to sit on both permanent and special committees, not to initiate or determine the nature of such committees. This interpretation is born out by Rule XII, section 1, which lists the nature of the permanent committees, and section 2 of Rule XII, which again states that the president shall designate the members of those permanent committees. Finally, Rule XVIII, section 1(a), states that the House shall pass resolutions to initiate an investigation, and House Rule XXXIX, section 1, clearly states that an emergency session may be called, if necessary, to effectuate legislative ends.[7]

---

6. The rule reads as follows:

"11. Similarly, whenever the House is not in session, the Speaker may charge any permanent or special committee to study any matter he considers to be of an urgent nature or of public interest." (Translation ours.)

7. The Puerto Rico Supreme Court holding in *Ortiz Montes, supra,* that the legislature of Puerto Rico is a continuous body that may continue to discharge its functions after the close of the regular session on April 30 of each year, facilitates the operation of both Rules XXXIX, Section (1), and XIII, Section (8). At pages 5–6 of the official translated opinion, the Supreme Court states:

"Hence *legislative bodies* are empowered to order their respective Committees, as the Senate did in this case, to continue working until the last day of the legislature, that is, until the members of the new Legislature occupy their seat on the month of January following the last general election (Art. III Secs. 1 and 10 of the Constitution.)"

It is obvious that it is the House or the Senate, as the case might be, that is empowered to take such action, and not the Speaker of the House or the President of the Senate, as defendants contend. The foregoing is consonant with House Rule XIII(8), authorizing the House, not the Speaker, to grant extensions of time to the committees. Accordingly, all it takes for the Speaker is to merely convene the House and

Therefore, this Court finds that although a Speaker may name committees, he does not necessarily have the power to unilaterally *extend* the mandate of a special committee whose term was fixed by the full House by the promulgation and approval of a valid resolution.

 The First Circuit Court of Appeals has held that a Commonwealth agency shall be held to comply strictly with its own rules, especially when taking action that may affect a citizen's civil rights. *Oppenheimer Mendez v. Acevedo*, 512 F.2d 1373, 1374 (1st Cir.1975). While said case deals with an administrative agency's authority, and not that of the legislature, the principle is the same. When dealing with individuals' liberty, rules should be strictly followed. The subpoena herein was issued against the plaintiffs under penalty of both civil and criminal contempt. This subpoena power of the legislature is great, and should only be exercised with strict compliance with all procedural safeguards.

 By extending an investigation mandated by a full House resolution, the defendant acted beyond his authority. Therefore, the subpoenas were issued against plaintiffs without authority because the House Resolution No. 921 was not extended by another House Resolution. This Court finds the Speaker without authority to extend a full House resolution, under these circumstances. *Corujo Collazo v. Viera Martinez, supra.*

This questionable extension raises the question of seeming first impression. If the challenged subpoenas were not issued pursuant to an authorized legislative resolution, do the legislators enjoy immunity from suit under Section 1983? Language from two Supreme Court decisions indicate that they would not. In *Gavel v. United States, supra,* 92 S.Ct. at 2625, the Court said that:

> "No prior case has held that Members of Congress would be immune if they executed an invalid resolution..."

approve a resolution enlarging the time for the special committee to conclude its unfinished

In *Wheeldin v. Wheeler, supra,* 83 S.Ct. at 1444–1445, the Court held that the immunity doctrine did not apply to shield a legislative investigator who exceeded his authority by serving an unauthorized subpoena. Under the facts of WHEELDIN, a House Rule set the procedures to be followed by committees in issuing subpoenas. The House Rule was not strictly complied with, and therefore, there was no immunity. Id, 83 S.Ct. at 1445.

 Therefore, we now find that the legislators do not enjoy absolute immunity when the Legislative Rules and Resolutions are not strictly followed in taking action.

### CLAIM FOR RELIEF

 Even though the Court finds that defendants do not enjoy immunity under the allegations of the complaint, we do find that plaintiffs have failed to state a claim for relief under the laws and Constitution of the United States.

Plaintiffs essentially allege violations of rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable search and seizures, and to be guaranteed no deprivation of liberty or property without due process of law.

Defendants assert that no Due Process or Fourth Amendment violation has occurred, because none of the defendants have attempted to enforce any subpoena against plaintiffs. Furthermore, they argue, plaintiffs would have an opportunity to raise their objections to the validity of the subpoenas at judicial proceedings in the Superior Court of Puerto Rico, who would then determine whether the subpoenas are to be enforced.

In a similar way, defendants argue that until such time as plaintiffs are forced to comply with the subpoenas, no search or seizure has taken place that could be viewed as reasonable or not. See, *Wheel-*

business.

*din, supra,* 83 S.Ct. at 1444. The Court finds these arguments to be persuasive at this time.

Because the Court finds plaintiffs' claims to be premature at this time, it shall dismiss the complaint. The Court finds that it is unnecessary, therefore, to discuss the issues raised by defendants as to whether a public officer may have a cause of action if subpoenaed by the legislature without the proper authorization.

WHEREFORE, it is ORDERED that plaintiffs' complaint be hereby DISMISSED.

IT IS SO ORDERED.