**THYSSEN PLASTIK ANGER KG,
Plaintiff-Appellant,**

v.

**INDUPLAS, INC., Defendant-Appellee.**

**No. 77–1394.**

United States Court of Appeals,
First Circuit.

Argued Feb. 9, 1978.

Decided May 30, 1978.

Daniel H. Kane, New York City, with whom Charles P. Bauer, New York City, Gerald Levy, Parsippany, N. Y., and Kane, Dalsimer, Kane, Sullivan & Kurucz, New York City, were on brief, for plaintiff-appellant.

David S. Abrams, Washington, D. C., with whom Roylance, Abrams, Berdo & Kaul, Washington, D. C., Cesar A. Hernandez-Colon, Ponce, P. R., Donald A. Kaul and Alfred N. Goodman, Washington, D. C., were on brief, for defendant-appellee.

Before CAMPBELL, BOWNES and MOORE,* Circuit Judges.

BOWNES, Circuit Judge.

This is an appeal from a summary judgment in favor of defendant-appellee invalidating a patent held by plaintiff-appellant on the grounds that the "best mode" requirement of 35 U.S.C. § 112 was violated.

The critical sentence for a court reviewing a grant of summary judgment is Fed.R. Civ.P. 56(c):

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The basic issue in all appeals from the granting of summary judgment is whether there is a genuine issue as to any material fact.

In order to determine whether the district court was correct in its ruling, a brief description of the patent involved is necessary. The patent teaches a method for continuously forming extruded pipes or tubes having a uniform outside diameter but with specific lengths of the pipe at predetermined spaced intervals having predetermined increased wall thicknesses. The patent discloses that the pipe is severed and expanded to form sockets at the areas of increased wall thickness so as to provide pressure joints at least as strong as the main pipe. This permits the pipe to be used in high pressure applications without fear of rupturing at the joints. The patent claims that it results in an economy of material as well as a stronger joint than was available prior to the invention.

The crucial part of the invention is the periodic slowing down of the speed at which the length of pipe travels from the extruder to the water bath which is the end of the process. When the pipe is slowed down, the

* Of the Second Circuit, sitting by designation.

plastic coming out of the extruder builds up on that portion of the pipe then at the extruder; this causes the desired extra thickness. When the pipe resumes its normal speed as it travels through the process, it is formed at regular thickness. The pipe is pulled away from the extruder by two rollers which operate off a set of gears. The inventors obtained the requisite change in the speed of the pipe by adding a "second gear" to the power drive. Defendant's motion for summary judgment was based on the allegation that the use of a "second gear" was the best mode of carrying out the invention and that the patent failed to disclose it. 35 U.S.C. § 112.[1]

. In granting the defendant's motion for summary judgment, the district court found:

> The second gear arrangement was the best mode contemplated by the inventors for carrying out their invention and is not disclosed in the patent.

> .    .    .    .    .

> There is no genuine issue as to any material fact concerning the second gear arrangement being the best mode contemplated by the inventors and concerning the failure to disclose the precise second gear arrangement in the patent.

In *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir. 1975) we set out the high standards to be applied to a motion for summary judgment.

In determining whether summary judgment is appropriate the court must "look at the record .   .   .   in the light most favorable to .   .   .   the party opposing the motion .   .   .." *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). Similarly the court must indulge all inferences favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Rogen v. Ilikon,* 361 F.2d 260, 266 (1st Cir. 1966). These rules

must be applied with recognition of the fact that it is the function of summary judgment, in the time hallowed phrase, "to pierce formal allegations of facts in the pleadings .   .   ..", *Schreffler v. Bowles,* 153 F.2d 1, 3 (10th Cir. 1946), and to determine whether further exploration of the facts is necessary. *Briggs v. Kerrigan,* 431 F.2d 967, 968 (1st Cir. 1970).

The language of Rule 56(c) sets forth a bifurcated standard which the party opposing summary judgment must meet to defeat the motion. He must establish the existence of an issue of fact which is both "genuine" and "material". A material issue is one, which affects the outcome of the litigation. To be considered "genuine" for Rule 56 purposes a material issue must be established by "sufficient evidence supporting the claimed factual dispute .   .   .   to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Service Co., Inc.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). The evidence manifesting the dispute must be "substantial", *Fireman's Mut. Ins. Co. v. Aponaug Mfg. Co., Inc.,* 149 F.2d 359, 362 (5th Cir. 1945), going beyond the allegations of the complaint. *Beal v. Lindsay,* 468 F.2d 287, 291 (2d Cir. 1972).

In making its determination, the district court had available the pleadings, patent, depositions of the inventors, and affidavits.

Plaintiff's Statement Of Material Facts As To Which There Is A Genuine Issue is devoted exclusively to the "second gear"; it denies that it is the best mode, states that the periodic slowdown can be accomplished readily by other conventional means, and asserts that the use of a "second gear" to slow down a gear drive was "conventional and known in the art as of the date of the invention."

The district judge seems to have relied exclusively on portions of the depositions of the inventors. App. at 66, 67, & 68. He

---

1. *Specification.* The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall *set forth the best mode contemplated by the inventor of carrying out his invention.* (emphasis ours).

either ignored or overlooked the affidavit of Don A. Fischer which counters appellee's claim that the "second gear" was the best mode and unknown prior to the date of the patent.

The affidavits of inventors Niessner and Sonnleitner also put in issue the use of the "second gear" as the best mode and whether or not it was conventional and known and used as a slowdown device prior to the patent. It is true that the affidavits of the inventors contradicted statements given in their depositions, but that is a question of credibility. Contradictions do not erase issues of fact, they only highlight them.

 A careful reading of the district court's opinion leads to the inevitable conclusion that critical findings of fact, which were hotly disputed by the parties, were made by the trial judge. In *Redman v. Warrener,* 516 F.2d 766, 768 (1st Cir. 1975), we admonished: "Summary judgment is not to be turned into a trial by affidavit." We now expand the sentence to read that summary judgment is not to be turned into a trial by affidavit and depositions. The resolution of genuine issues of material facts can only be decided after a trial on the merits. That is the essence of our adversary system.

*Reversed and remanded.*