**Ignacio GUAL MORALES, Plaintiff, Appellant,**

v.

**Pedro HERNANDEZ VEGA, etc., et al., Defendants, Appellees.**

No. 77–1489.

United States Court of Appeals, First Circuit.

Argued May 4, 1978.

Decided July 6, 1978.

John L. Saltonstall, Jr., Boston, Mass., with whom Stephen L. Saltonstall, Boston, Mass., was on brief, for plaintiff, appellant.

Paul A. Lenzini, Washington, D. C., with whom Chapman, Duff & Paul, Washington, D. C., was on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

Plaintiff Ignacio Gual Morales, a former employee of the Puerto Rico Aqueduct and Sewer Authority (PRASA), appeals from an order of the United States District Court for the District of Puerto Rico dismissing his civil rights action on the ground of untimeliness. Commencing this action on January 30, 1976, plaintiff alleges a violation of his First Amendment rights of freedom of speech and association by the operation of a conspiracy among defendants, the purpose of which was to punish plaintiff for union activity by obtaining his discharge and then rigging the arbitration process to insure that the discharge would be upheld.

The defendants in this action fall into two groups. Defendants Hernandez Vega, Pagan Colberg, Rosa Rodriguez, Perez Rios, and Gil Velezquez are all PRASA supervisory personnel. These defendants are accused primarily of obtaining plaintiff's dismissal. That occurred on June 14, 1974. The second group of defendants—Lopez Ruiz, Calderon Santiago, and Arroyo—are three members of the five person PRASA Grievance Committee; each of these defendants voted to affirm plaintiff's dismissal. The first two are the two management representatives on the committee. Arroyo, President of the committee is the neutral member appointed by the Puerto Rico Secretary of Labor.

Within two weeks of his dismissal, plaintiff filed a complaint with the grievance committee seeking, inter alia, reinstatement and back pay. The grievance proceedings continued into the following year. On July 8, 1975, after several hearings on plaintiff's case, the committee voted 3 to 2 to sustain plaintiff's discharge. The union representatives on the committee were opposed.

Defendants denied the existence of any conspiracy to deprive plaintiff of his constitutional rights, asserted that his dismissal was wholly justified, and also moved to dismiss on the ground that the action was time barred. The district court ordered the parties to submit affidavits addressed to

the issue of whether a conspiracy existed within the applicable statutory period. In dismissing the action, the district court first noted that a one year statute of limitations applied to this case and thus that the viability of plaintiff's action depended upon a finding that a conspiracy continued until the date of the committee's decision. In concluding that it had not, the district court reasoned that because two of the defendant members of the committee were PRASA representatives, they were not expected to be neutral arbitrators, and, thus, the court's sole inquiry was directed to the "alleged misconduct on the part of [defendant Arroyo]." The court then analyzed the affidavits of the parties and concluded that they "failed to establish the involvement" of Arroyo in a conspiracy. Therefore, it found there was insufficient evidence of an overt act within the one year period, and, thus, the action was untimely as to all defendants.

In this appeal, plaintiff concedes that the Puerto Rican one year statute of limitations for torts, 31 L.P.R.A. § 5298(2), governs this civil rights action, *Graffals Gonzalez v. Garcia Santiago,* 550 F.2d 687 (1st Cir. 1977), but maintains that the district court erred in several respects. First, plaintiff claims that the court, rather than applying the summary judgment standard to determine whether defendants had met their burden of showing the absence of a genuine issue as to any material fact regarding the continuance of the alleged conspiracy into the limitation period, improperly ignored some of the affidavits, weighed the credibility of others and applied a preponderance of the evidence test in holding that neither Arroyo nor any of the other defendants acted in furtherance of the conspiracy during the statutory period. Second, plaintiff urges that actions on the part of defendants Lopez Ruiz and Calderon Santiago should not have been ignored despite the fact that they were management representatives. Third, plaintiff asserts error in the court's failure to consider an affidavit suggesting

that one of PRASA's lawyers had sought to fix the arbitration proceeding against plaintiff by "getting to" defendant Arroyo and that this alleged conduct by the attorney could be attributed to the five supervisory defendants.

In addition to these contentions, all of which were briefed and argued to us, plaintiff, by a supplemental submission, raises yet another ground upon which we should hold his action to be timely. In *Hernandez del Valle v. Santa Aponte,* No. 77–1220, 575 F.2d 321 (1st Cir. 1978), decided six days after argument in this case, we considered for the first time the applicability of one provision of 31 L.P.R.A. § 5303, the Puerto Rican tolling statute, to civil rights actions brought under 42 U.S.C. § 1983. Section 5303 provides, inter alia, that the statute of limitations is tolled by an "extrajudicial claim of the creditor."[1] In *Hernandez del Valle,* a discharged public employee asked us to construe § 5303 so that the statute of limitations for his § 1983 action would have been tolled by his act of writing letters to the official who had fired him, challenging the legality of his dismissal and requesting reinstatement, but not financial compensation. We assumed, without deciding, that the creditor's claim portion of § 5303 was compatible with federal policy and thus applicable to § 1983 actions arising in Puerto Rico. However, because that provision went beyond any tolling statute of which we were aware in United States jurisprudence and because its application seemed to portend several practical difficulties, we believed that it should not be extended to cases where a plaintiff has failed to make a monetary demand.

In the instant case, plaintiff, in his complaint filed with the grievance committee, did request damages in the form of backpay. This, he argues, constitutes a creditor's "extrajudicial claim" within the meaning of § 5303 and therefore the action is timely as to all defendants.

---

1.  31 L.P.R.A. § 5303 provides:
    "Prescription of actions is interrupted by their institution before the courts, by extraju-

dicial claim of the creditor, and by any act of acknowledgement of the debt by the debtor."

█ After considering plaintiff's contentions, we agree that the district court erred in disregarding the conduct of Lopez Ruiz and Calderon Santiago, and that summary judgment as to the three defendant members of the grievance committee was improper.[2] The court's view that the acts of Lopez Ruiz and Calderon Santiago were irrelevant to the issue of timeliness logically also would imply a view that their acts could not give rise to liability. If such was the court's thinking, we believe it wrong on both counts. Whether or not these defendants, as management representatives, were obliged to be "neutral" in their dealings with union members, they, as government agents, had a duty not to act on the basis of constitutionally impermissible motives as they are alleged to have done in voting to affirm plaintiff's dismissal in retaliation for his engaging in constitutionally protected conduct. *See Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Thomas v. Younglove,* 545 F.2d 1171 (9th Cir. 1976); *Lontine v. Van Cleave,* 483 F.2d 966 (10th Cir. 1973); *cf. Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976).

Each of these three defendants, it is claimed, participated with the other defendants in a conspiracy to punish plaintiff for his union activities. It is undisputed that each voted against plaintiff and that the vote occurred within the statutory period. In addition to the negative vote, defendant Calderon Santiago is alleged to have made various statements manifesting an unconstitutional motive behind plaintiff's firing. Defendant Arroyo is also charged with conducting the arbitration proceedings in an irregular and perfunctory manner which, plaintiff argues, indicates that Arroyo was merely working toward a preordained result. In the case of Lopez Ruiz, only the adverse vote, in addition to the general charge of participation in the conspiracy, is alleged.

█ While these assertions are somewhat sparse, especially those against Arroyo and Lopez Ruiz, we think, given defendants' burden, they suffice to preclude summary dismissal. It is true that a plaintiff bringing a § 1983 conspiracy case must "allege with at least some degree of particularity overt acts . . . which [are] reasonably related to the promotion of the claimed conspiracy." *Kadar Corp. v. Milbury,* 549 F.2d 230, 233 (1st Cir. 1977), *quoting Powell v. Workmen's Compensation Bd.,* 327 F.2d 131, 137 (2d Cir. 1964); *see Slotnick v. Staviskey,* 560 F.2d 31 (1st Cir. 1977). Defendants' adverse votes, while probably insufficient when standing alone, satisfy that requirement, we believe, when viewed in light of the alleged statements by the other defendants reflecting hostility to plaintiff's union activities. *Cf. Village of Arlington Heights v. Metropolitan Housing Corp.,* 429 U.S. 252, 267–68, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

█ The defendants, as the moving parties, must affirmatively demonstrate that there is no genuine, relevant factual issue even though the defendants would have no burden at trial. *Mack v. Cape Elizabeth School Bd.,* 553 F.2d 720, 722 (1st Cir. 1977). In testing the court's dismissal, we are obliged to look at the record "in the light most favorable to the party opposing the motion", *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and to "indulge all inferences favorable to the party opposing the motion", *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). Moreover, where, as here, summary judgment is sought on an issue involving

---

**2.** On this record, the court's failure to consider the alleged conduct of the PRASA attorney was not error. We can see no basis for attributing his conduct to any of the defendants. No lawyer-client relationship has been alleged between any of the defendants in their individual capacities and this attorney. Moreover, the statements that this lawyer, who is not a party to this action, is claimed to have made concerning his intention of seeing defendant Arroyo would not be admissible against Arroyo. *See* Rule 803(3), Fed.R.Evid., 28 U.S.C.A., note to paragraph (3).

state of mind, "great circumspection is required". *Id.* at 468. As we said in *Ferguson v. Omnimedia, Inc.,* 469 F.2d 194, 198 (1st Cir. 1972):

> "In a conspiracy case, agreement is rarely out in the open, and proof of conscious complicity may depend upon the careful marshalling of circumstantial evidence and the opportunity to cross-examine hostile witnesses. *See Adickes [supra].* . .
> As in the present case, summary judgment procedures are often not a sufficient substitute for trial."

On the present record, there are sufficient questions concerning the existence of a conspiracy against the plaintiff and the motives behind the three grievance committee member defendants to entitle plaintiff to proceed with his action against them. For purposes of summary judgment, a court must consider that a jury would be entitled, after defendants' testimony on direct and cross-examination, to disbelieve their innocent explanations of their motives and denials of statements allegedly threatening plaintiff for protected conduct. Further, the charge that these defendants had decided to affirm the dismissal before fully hearing the case for plaintiff, when viewed in a light most favorable to plaintiff, gives rise to a genuine issue as to their motives. To be sure, a fact finder may not believe plaintiff's witnesses.[3] However, "summary judgment is not to be turned into a trial by affidavit", *Thyssen Plastik Anger KG v. Induplas, Inc.,* 576 F.2d 400, at 402 (1st Cir. 1978), *quoting Redman v. Warrener,* 516 F.2d 766, 768 (1st Cir. 1975); *see Peckham v. Ronrico Corp.,* 171 F.2d 653, 657 (1st Cir. 1948), which is what happened here. Accordingly, the court's grant of summary judgment to these defendants must be reversed.

Even though plaintiff may proceed against the three grievance committee members, that fact alone, as plaintiff seems to concede, does not render the suit timely as against the *other* defendants. In fact, unless the statute of limitations somehow was tolled, plaintiff must allege and prove that each defendant to be charged committed an action constituting a civil rights violation in furtherance of the conspiracy within the limitation period. *Kadar Corp. v. Milbury,* 549 F.2d 230, 234–35 (1st Cir. 1977); *see Hernandez Jimenez v. Calero Toledo,* 576 F.2d 402, at 404 (1st Cir. 1978).

Having limited its inquiry to the allegations against the three grievance committee members, the district court did not pass on the sufficiency of the allegations against the other defendants. We likewise do not decide those issues at this time. We believe that as to these defendants the case should be remanded to the district court for consideration of the § 5303 claim. This course of action seems prudent because if the court were to conclude that the statute was tolled, the case could proceed, if otherwise maintainable, to an adjudication on the merits, without searching for civil rights violations by each individual within the limitation period.

Theoretically, plaintiff could have raised the § 5303 issue before the district court initially. His failure to do so, however, is excusable by virtue of the fact that *Hernandez del Valle* was the first time that this court suggested that the extrajudicial claim provision of § 5303 might be applicable to § 1983 actions. Since plaintiff should be allowed to be heard on this theory, as of course defendants should be allowed to respond, remand is required. A court of appeals generally will not consider a claim not raised before the district court. *Dobb v. Baker,* 505 F.2d 1041, 1044 (1st Cir. 1974);

---

**3.** At this time, we of course express no view as to (1) whether plaintiff can carry his burden of proving that his conduct was constitutionally protected and that it was a substantial or motivating factor in his discharge; (2) whether defendants can rebut such a showing by establishing that plaintiff would have been fired even had the protected conduct never occurred, *see Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Mack v. Cape Elizabeth School Bd.,* 553 F.2d 720, 722 (1st Cir. 1977); or (3) whether any other defense or defenses may be viable.

see *Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). While there are exceptions, this case is not such. Particularly where the question involves the proper construction of Puerto Rican law, deference to the district judges who are Spanish speaking and trained in the Spanish civil law is warranted. *See Runyon v. McCrary,* 427 U.S. 160, 180–81, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976); *Fornaris v. Ridge Tool Co.,* 400 U.S. 41, 42–43, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970); *Graffals Gonzalez v. Garcia Santiago, supra.*

As to the five supervisory defendants, on remand the district court should consider (1) whether plaintiff's filing of a complaint with the grievance committee requesting backpay constitutes an "extra-judicial claim" sufficient, within the meaning of § 5303, to toll the statute of limitations; (2) if it does, for how long a period after such a claim is made is the statute tolled, and, given the length of that period, was plaintiff's action timely when filed in January of 1976; (3) assuming that plaintiff's action is timely under § 5303, is application of that provision consistent with underlying federal policy in § 1983 actions. *Cf. Robertson v. Wegmann,* —— U.S. ——, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) (state survivorship statute); 42 U.S.C. § 1988. *Johnson v. Railway Express Co.,* 421 U.S. 454, 465, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

*The order of the district court is reversed in part, vacated in part, and the case remanded for proceedings consistent with this opinion.*