Ignacio GUAL MORALES, Plaintiff,
Appellant,

v.

Pedro HERNANDEZ VEGA, et al.,
Defendants, Appellees.

No. 79–1071.

United States Court of Appeals,
First Circuit.

Argued June 5, 1979.

Decided Aug. 30, 1979.

J. L. A. de Passalacqua, San Juan, P. R.,
for appellant.

Susan A. Goltz, New York City, with
whom Chapman, Duff & Paul, Hato Rey, P.
R., was on brief, for appellees.

Before COFFIN, Chief Judge, CAMP-
BELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This appeal raises a question of the applicability of a Puerto Rico tolling statute, 31 L.P.R.A. § 5303, to the running of the statute of limitations on plaintiff's civil rights action. Plaintiff, a former employee of the Puerto Rico Aqueduct and Sewer Authority (PRASA), was discharged on June 14, 1974. Shortly thereafter plaintiff invoked the collective bargaining grievance procedure and filed a complaint with the Grievance Committee seeking reinstatement and back pay. On August 8, 1975[1] the Committee upheld plaintiff's discharge. Not until January 30, 1976, more than one year after discharge but less than one year after the Committee had rendered its decision, did plaintiff commence the instant action alleging a violation of his first amendment rights of freedom of speech and association by the operation of a conspiracy among defendants, the purpose of which was to punish plaintiff for union activity by obtaining his discharge and then rigging the arbitration process to insure that the discharge would be upheld.

Defendants named in the complaint fall into two groups: supervisory personnel who allegedly obtained plaintiff's dismissal and members of the Grievance Committee who voted to affirm plaintiff's dismissal. We addressed the adequacy of the allegations in plaintiff's complaint against the second group in *Gual Morales v. Hernandez Vega,* 579 F.2d 677 (1st Cir. 1978), and concluded that a timely cause of action had been stated as to them. We remanded, however, for a determination

> "whether plaintiff's filing of a complaint with the grievance committee requesting back pay constitutes an 'extra-judicial claim' sufficient, within the meaning of § 5303, to toll the statute of limitations [with respect to the action against the supervisory defendants]."

*Id.,* at 682.

The Puerto Rican tolling statute provides "Prescription of actions is interrupted by their institution before the courts, by ex-trajudicial claim of the creditor, and by any act of acknowledgement of the debt by the debtor."

31 L.P.R.A. § 5303.

Plaintiff claims that his complaint filed with the Grievance Committee for reinstatement and back pay pursuant to the collective bargaining agreement constitutes an extrajudicial claim which interrupted the running of the statute of limitations on his civil rights action against the supervisory defendants. After the Grievance Committee rendered its decision, the one year statute of limitations began to run anew, the plaintiff contends. On remand, the district court disagreed and dismissed plaintiff's action against the supervisory defendants.

State statutes of limitations, including tolling provisions, are the "primary guide" for determining the limitation period for a civil rights action, although the state statute may be displaced where its "application would be inconsistent with the federal policy underlying the cause of action . . . ." *Johnson v. Railway Express Agency,* 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975). Here, the relevant Puerto Rican statute of limitations is the one year rule for torts, 31 L.P.R.A. § 5298(2). *Gual Morales v. Hernandez Vega,* 579 F.2d at 679; *Graffals v. Garcia,* 550 F.2d 687 (1st Cir. 1977). Plaintiff's amended complaint fails to allege that any of the five supervisory defendants committed an overt act constituting a civil rights violation in furtherance of the alleged conspiracy within the one year limitation period. Therefore, unless the statute of limitations was tolled, the action must be dismissed as to the supervisory defendants. *Hernandez Jimenez v. Calero Toledo,* 576 F.2d 402, 404 (1st Cir. 1978); *Kadar Corp. v. Milbury,* 549 F.2d 230, 234 (1st Cir. 1977).

The district court assumed without deciding that pursuance of the contractual grievance procedure could be categorized as an

---

1. August 8, 1975 is the date specified in the amended complaint; July 8, 1975 is specified in the district court's opinion.

extrajudicial claim. It noted, however, that under the Spanish legal system "it is only possible to interrupt the prescription of the exact right that was extrajudicially claimed. . . . [I]n order to have the tolling effect the extrajudicial claim must be expressly and precisely made to the debtor against whom suit is instituted." It then stated

"The grievance instituted by Plaintiff herein was filed against P.R.A.S.A. and not against the Defendants. Although the remedies sought in Plaintiff's complaint before the Grievance Committee were resemblant in scope to those requested in this action, it was *the Authority,* and not the Defendants, who was called upon to make plaintiff whole. Therefore, under the law of Puerto Rico, we are compelled to conclude that Plaintiff's complaint before the Grievance Committee, even if considered as an 'extrajudicial claim', would not fall within the purview of 31 L.P.R.A. § 5303, inasmuch as the instant suit is lodged against Defendants in their personal capacities, while the administrative claim was directed against official action rather than against individual persons." (Emphasis in original.)

We identify from the district court's opinion at least three separate reasons why plaintiff's extrajudicial claim (the Grievance Committee complaint) does not toll the running of the statute of limitations on the civil rights action:

(1) the right asserted before the Grievance Committee was not the "exact right" upon which the civil rights action was based,

(2) the extrajudicial claim was not addressed to the parties against whom the civil rights action was brought,

(3) differences between the grievance proceeding and the civil rights action render the complaint in the former an insufficiently "express and precise" extrajudicial claim as to the latter.

Plaintiff's arguments are addressed to reasons (1) and (2). Plaintiff maintains that under Spanish Law the right asserted

extrajudicially need not be identical to the one pursued judicially. Because the Puerto Rico Supreme Court has not decided whether the rights must be identical, plaintiff asks us to certify the question to that court. With respect to (2), plaintiff also contends that it is a state law question for the Puerto Rico Supreme Court whether the Grievance Committee proceeding was directed to defendants in their personal capacities. Further, plaintiff states that the Spanish legal system recognizes that periods of prescription may be interrupted by any act which indicates plaintiff's intention to pursue his claims which is made known to the passive subject or the person who must answer. Plaintiff therefore sees the determinative question as whether defendants were in fact notified by the grievance procedure complaint that their actions were being challenged.

When we are faced with a question involving the proper construction of Puerto Rico law, we give considerable deference to the district judges who are citizens of Puerto Rico and well versed in the Spanish underpinnings of Puerto Rico law. *Diaz-Buxo v. Trias Monge,* 593 F.2d 153, 156 (1st Cir. 1979) [cert. denied —— U.S. ——, 100 S.Ct. 64, 62 L.Ed.2d 42]; *Gual Morales,* 579 F.2d at 682; *Berrios Rivera v. British Ropes, Ltd.,* 575 F.2d 966, 970 (1 Cir. 1978); *Graffals v. Garcia,* 550 F.2d at 688. We recognize, however, that even among those who are fully conversant with a particular legal system there may be legitimate differences as to the correct interpretation of a particular rule and its application in new circumstances. We therefore have examined plaintiff's arguments carefully to determine whether the outcome of this case would likely be affected by differing views as to a close, substantial, and unresolved question of Puerto Rico law. Were that the case we would recognize the appropriateness of certifying the question to the Puerto Rico Supreme Court.

We conclude that certification is not warranted because the Supreme Court of Puerto Rico has already articulated the principle which governs this case. *See Ruiz*

*Rodriguez v. Litton Industries Leasing Corp.,* 574 F.2d 44, 46 (1st Cir. 1978) (district court did not abuse its discretion in a diversity case by declining to certify a question which presented neither a close nor a novel issue of Puerto Rico law); *contrast Lehman Brothers v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974) (statement that certification is particularly appropriate where a novel and unsettled question of state law is involved). That court has stated that an extrajudicial claim, in order to have tolling effect, must be "precise and specific." *Jimenez v. District Court,* 65 P.R.R. 35, 42 (1945). We fail to see how the invocation of a collective bargaining grievance procedure,[2] here a dispute mechanism for resolving PRASA's contractual authority to discharge plaintiff, can be characterized as a "precise and specific" claim of entitlement to redress for first amendment violations.[3] Many, perhaps most, contract grievances do not give rise to civil rights claims. Thus, even if we assume (without so deciding) that plaintiff is correct in both his contention that a right asserted extrajudicially, in order to have tolling effect, need not be the "exact right" pursued judicially and that the grievance procedure was addressed to defendants in their private as well as official capacities, we nevertheless conclude that the grievance complaint was not a "precise and specific" claim of the alleged civil rights violations. *Accord, Hernandez del Valle v. Santa Aponte,* 575 F.2d 321, 323–24 (1st Cir. 1978) (extrajudicial demand in the form of letters requesting reinstatement did not give defendant fair notice that he might be called upon to defend a damages suit with different issues not applicable to a suit for injunctive relief).

No federal policy is violated by the Puerto Rico tolling provision not being operative in the circumstances of this case. As in *Johnson v. Railway Express Agency,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), there was no impediment to plaintiff's simultaneous pursuit of his civil rights action.

*Affirmed.*

2. While the grievance complaint was not included in the joint appendix submitted on appeal, the majority decision of the Grievance Committee was. That decision concluded that PRASA was authorized under the terms of the collective bargaining agreement to discharge plaintiff for his refusal to use his private automobile and consequently to carry out a requested field test.

3. Plaintiff seeks through his civil rights action not only reinstatement and back pay as he sought in the grievance proceeding, but also compensatory damages for loss of income, economic duress, deprivation of constitutional and civil rights, mental anguish and suffering, and loss of reputation plus punitive damages.