**William Maldonado BETANCES, Plaintiff,**

**v.**

**Carlos S. QUIRÓS, et al., Defendants.**

**Civ. No. 84–0425(PG).**

United States District Court, D. Puerto Rico.

Feb. 6, 1985.

As Amended Feb. 19, 1985.

M. Dolz Sanchez, Old San Juan, P.R., for plaintiff.

Edward Borges, O'Neill & Borges, Hato Rey, P.R., for Price Waterhouse & Co.

Hernando Rivera, Chapman, Duff & Paul, Hato Rey, P.R., for Carlos Quirós & Gabriel Coss.

Ivan Reichard, Dept. of Justice, San Juan, P.R., for H. Hdez. Soto, R. Cruz, P. Barés & D. Adamés Quirós, Feijoo, Coss & Sanchez.

## OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, Chief Judge.

Present before us for adjudication is co-defendant Price Waterhouse & Co.'s (Price Waterhouse) Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on May 18, 1984.[1] On October 9, 1984, and after several requests for extension of time, plaintiff, William Maldonado Betances (Maldonado), replied to said motion.[2] On November 20, 1984, Price Waterhouse responded to plaintiff's reply.[3]

 In view that Price Waterhouse's Motion to Dismiss as well as plaintiff's reply thereto are supported by matters outside the pleadings, in accordance with Rule 12(b)(6), the motion shall be treated as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The matter, therefore, is ready for adjudication.

This is a civil rights action brought under 42 U.S.C. §§ 1983 and 1985(3) "to recover damages and to redress a deprivation, under color of the Laws and Regulations of the Commonwealth of Puerto Rico, of rights and/or privileges and/or immunities secured by the Constitution and the Laws of the United States ..." and "to recover damages and to redress a deprivation, under color of the Laws and Regulations of the Commonwealth of Puerto Rico and by means of a conspiracy, of rights and/or privileges and/or immunities secured by the Constitution and the Laws of the United States." (Complaint, at pages 1 and 2.)

This is the second time plaintiff files a case with this Court based on the same cause of action.[4]

1. The motion was accompanied by an affidavit from one of its partners, Mr. Antonio Ginorio.

2. The reply was accompanied by plaintiff's own sworn statement and with numerous exhibits.

3. Price Waterhouse also supplemented therein its Motion to Dismiss with an additional ground for dismissal.

4. On January 26, 1983, plaintiff instituted his first civil rights claim with this Court entitled *William Maldonado Betances v. Carlos S. Quirós, et al,* Civil No. 83–0154(JP) (hereinafter referred to as the prior action). On March 10, 1983, plaintiff filed an amended complaint. Thereafter, defendants in the prior action filed a Motion to Dismiss under Rule 12(b)(6) F.R. Civ.P. for plaintiff's failure to state a claim upon which relief can be granted. This Court granted defendants' motion on September 26, 1983, and dismissed plaintiff's amended complaint. Judgment was entered thereon September 28, 1983, without specifying that it was not a judgment on the merits.

In the instant complaint, plaintiff alleges to have been the Director of the Non-Occupational Temporary Disability Benefits Program (hereinafter referred to as SINOT), of the Department of Labor and Human Resources of the Commonwealth of Puerto Rico. He claims that, since 1977, eleven (11) governmental officials [5] and Price Waterhouse [6] allegedly engaged in a conspiracy to deprive him of his civil rights.

As a result of the overt acts allegedly committed generally by all defendants (Complaint, commencing at page 11, paragraph 34), it is alleged that the conspiracy deprived plaintiff from his position as Director of SINOT, resulted in demotions from positions within the Government of the Commonwealth of Puerto Rico and affected his health, dignity and professional reputation. Plaintiff seeks $1,500,000.00 in actual damages and an equal amount in punitive damages. (Complaint, page 53, paragraphs 137 and 138.) [7]

Concerning plaintiff's claim against Price Waterhouse, it is alleged that Price Waterhouse took part in a conspiracy among defendants to the detriment of plaintiff. The specific alleged overt acts by Price Waterhouse can be summarized as follows: [8]

1. On or about November or December 1977, Price Waterhouse entered into a contract with co-defendant Carlos S. Quirós (Quirós) [9] to audit SINOT (Complaint, paragraphs 13 and 36).

2. During the month of December 1977, Price Waterhouse suspended its audit allegedly claiming that the account was not auditable, that it was not up to date, that it was not trustworthy, that it contained many data errors, and that the supervision of the account was extremely deficient. Price Waterhouse never finished the audit (Complaint, paragraph 38).

3. Quirós and some of the other co-defendants blamed plaintiff for said deficiencies, using Price Waterhouse's findings in support of their position (Complaint, paragraph 39).

4. On January 24, 1978, Price Waterhouse submitted to Quirós a written report on its audit (Complaint, paragraph 41).

5. It is alleged that Price Waterhouse's audit was plagued with voluntary errors and inconsistencies in "callous" disregard for the truth, and that Price Waterhouse was negligent in the preparation of its report (Complaint, paragraph 42).

After the January 24, 1978, report, no further overt acts are alleged to have been committed by co-defendant Price Waterhouse nor are there specific factual allegations to show that this co-defendant directly or indirectly participated in furtherance of the alleged conspiracy after that date.[10] Plaintiff has failed to allege that Price Waterhouse intended to have its report serve as basis for the alleged conspiracy; that Price Waterhouse entered into any agreement or acted jointly in concert with the other co-defendants to perform the alleged conspiracy; or, that Price Waterhouse acted under color of state law with the other co-defendants in furtherance of the alleged conspiracy.

Price Waterhouse seeks dismissal of plaintiff's complaint for its failure to state a claim upon which relief can be granted based on the following grounds:

5. All the governmental officials named defendants in the prior action are also named defendants here, with the exception of Rafael Curbelo, Ramón Ruiz Roche, José Raúl Badillo and Edwin Rivero.

6. A private accounting firm, not a named defendant in the prior action.

7. Except for the *ad damnum* clauses, similar language is used in the amended complaint dismissed in the prior action.

8. The same overt acts by Price Waterhouse were alleged in plaintiff's amended complaint dismissed in the prior action.

9. Quirós was at the time Secretary of the Department of Labor and Human Resources of the Commonwealth of Puerto Rico.

10. After paragraph 42 of the complaint, plaintiff alleges that some of the other co-defendants, at times, used Price Waterhouse's report as one of many other elements allegedly available to them, in furtherance of the alleged conspiracy.

1. Plaintiff is precluded from bringing this action as to Price Waterhouse, under the nonmutual defensive claim preclusion rule of the *res judicata* doctrine, in view of a previous adjudication by this Court, on the merits, in Civil No. 83–0154 on the same cause of action as in the instant action;

2. Plaintiff failed to allege in the instant action that Price Waterhouse, a private accounting firm, acted under color of state law, a prerequisite to civil rights suits; and,

3. The cause of action against Price Waterhouse is time barred.

We pass to address the issues.

█ Plaintiff's claim against Price Waterhouse is barred by the nonmutual defensive claim preclusion rule of the *res judicata* doctrine. The instant action is identical to the prior action brought by plaintiff on January 26, 1983, upon which this Court has entered a final judgment on the merits. Any factual differences between the instant and the prior action are *de minimis*, with the only exception that Price Waterhouse was not a defendant in the prior action.

█ The legal principles governing this case are well settled. *Res judicata* applies to civil rights actions. *Isaac v. Schwartz*, 706 F.2d 15, 16 (1st Cir.1983) (under Sections 1981, 1985(3), 1986); *Cf. Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *see also, Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (under Section 1983). State law on *res judicata* is inapplicable when, as here, plaintiff invoked federal question jurisdiction in both lawsuits. *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3rd Cir.1972); see also, 18 Wright-Miller-Cooper, *Federal Practice and Procedure*, 1981 Ed., section 4466, at page 618.

█ The traditional tests to determine whether *res judicata* bars a subsequent cause of action are: (a) whether the claim

decided in the prior adjudication is identical to the one presented in the action in question; (b) whether there was a final judgment on the merits in the prior action; and (c) whether the party against whom the plea of *res judicata* is asserted was a party or in privity with a party to the prior adjudication; *i.e.*, whether the parties or their prives are bound by the prior adjudication.[11] *Blonder-Tongue Labs. v. University of Illinois Foundation*, 402 U.S. 313, 323–324, 91 S.Ct. 1434, 1439–40, 28 L.Ed.2d 788 (1971), *citing Bernhard v. Bank of America Nat. Trust & Savings Ass'n*, 19 Cal.2d 807, 122 P.2d 892 (1942); *see also*, Article 1204 of the Puerto Rico Civil Code of 1930, as amended, 31 L.P.R.A. § 3343; *Pol Stella v. Lugo Christian*, 107 D.P.R. 540 (1978).

█ The *res judicata* doctrine prevents plaintiff here from relitigating "issues that were or could have been dealt within an earlier litigation", *Isaac v. Schwartz, supra*, 706 F.2d at 16, quoting *Angel v. Bullington*, 330 U.S. 183, 193, 67 S.Ct. 657, 662, 91 L.Ed. 832 (1947). *Res judicata* has the dual purpose "of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); *Cf. Blonder-Tongue Labs. v. Univ. of Illinois Foundation, supra*, 402 U.S. at 328–329, 91 S.Ct. at 1442–1443. To permit this relitigation would be a misallocation of resources. *Blonder-Tongue Labs. v. Univ. of Illinois Foundation, Id.*

Such relitigation is precluded when the prior adjudication was on the merits. A judgment on the merits "extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the complaint arose." *Isaac v. Schwartz, supra*, 706 F.2d at 16, quoting Restatement (Second) of Judgments, Sec. 61(1), Tent-Draft No. 5. *See also, Armando Caproro, et al.*

---

**11.** This third requirement is the "mutuality" rule of *res judicata*.

*v. Telcon Gammino, Inc., et al.,* 751 F.2d 56 (1st Cir., 1985).

A dismissal of a claim for failure to state a claim under Rule 12(b)(6), F.R. Civ.P., is a ruling on the merits. This is more so when, as in the instant case, the plaintiff had already amended his complaint prior to the entry of judgment (*Isaac v. Schwartz, supra,* at 17) and such judgment did not specify that it was not on the merits. See Rule 41(b), F.R.Civ.P.[12]

We find that the instant claim is identical to that in the prior action, and that the judgment entered on the prior action was one on the merits. This Court must examine plaintiff's claims under the nonmutual defensive claim preclusion rule.

The nonmutual claim preclusion rule is an expansion of the *res judicata* doctrine that abandons the mutuality requirement as exclusive for limiting between which parties *res judicata* would be enforced.[13] The rule applies in cases that, as in the instant case, (1) claim an identical cause of action as in a prior lawsuit; (2) a final judgment on the merits has been entered in the prior lawsuit; but, (3) include another defendant who was not previously named in that prior action nor is bound by the judgment thereunder. *See, Blonder-Tongue Labs. v. Univ. of Illinois Foundation, supra; Gambocz v. Yelencsics, supra.* Price Waterhouse is such other defendant not named in the prior action.

Thus, plaintiff is equally precluded from bringing the instant action as to Price Waterhouse under this rule.[14]

The Supreme Court in *Blonder-Tongue,* acknowledging a new trend being followed by state and federal case law at the time[15] concluded that the mutuality rule had been diminished as a strict requirement to determine whether a plaintiff's claim against one defendant is barred when such plaintiff had a prior fair and full chance to litigate the same claim against another defendant and lost. *See, Parklane Hosiery Co. v. Shore, supra; Citadel Corp. v. Puerto Rico Highway Authority,* 695 F.2d 31 (1st Cir.1982) (acknowledging that the mutuality requirement has been relaxed in the context of issue preclusion/collateral estoppel); and, *A & P General Contractors v. Assoc. Caná, supra.* The court in *Blonder-Tongue* held that if a plaintiff had such a full and fair chance, an adverse judgment against him would subsequently preclude his seeking redress against another defendant for the same cause of action even if such other defendant was not bound by the prior judgment (402 U.S. at 324–325, 91 S.Ct. at 1440–1441). The questions of privity and mutuality lose significance to the idea that litigation should not be duplicative in cases when the same claims are brought against different defendants in different lawsuits if the plaintiff already had a full and fair chance to litigate his claim. Hence, in such instances, the courts have

**12.** Rule 41(b), F.R.Civ.P., provides in part as follows:

Rule 41—Dismissal of Actions
 (a) ...
 (b) <u>Involuntary Dismissals: Effect Thereof</u>
 ... Unless the court in its order for dismissal <u>otherwise specifies</u>, a dismissal under this subdivision and <u>any dismissal not provided for in this rule</u>, ... <u>operates as an adjudication upon the merits.</u> (underscoring added)

**13.** Since Price Waterhouse a co-defendant, the rule is raised in the defensive to preclude a prior litigation based on the *same cause of action* which the same plaintiff lost on the merits. *Blonder-Tongue Labs. v. Univ. Foundation, supra; A & P Contractors v. Asoc. Caná,* 110 D.P.R. 753 (1981). *See also,* 18 Wright-Miller-Cooper, *supra,* 1981 Ed., § 4464 at 587–588.

**14.** Arguably, a dismissal of plaintiff's complaint by this Court, using the nonmutual claim preclusion rule, could be considered unnecessary for on the face of plaintiff's conspiracy allegations, which are denied by Price Waterhouse, the latter may be considered to be in privity with the co-defendants in the prior action, also co-defendants here, as an alleged co-conspirator with those co-defendants. A finding of privity would, *a fortiori,* make plaintiff's complaint subject to dismissal under the traditional tests of *res judicata.* This Court, however, cannot make such a finding at the summary judgment stage of the proceedings for the alleged participation by Price Waterhouse in the alleged conspiracy is in controversy.

**15.** As expounded in *Bernhard v. Bank of America Nat. Trust & Savings Assoc., supra;* and *Bruszewski v. U.S.,* 181 F.2d 419 (3rd Cir.1950).

"enlarged the area of *res judicata* beyond any definable categories of privity between the defendants." *Bruszewski v. U.S., supra,* 181 F.2d at 422.

A leading decision permitting the nonmutual claim preclusion defense is the Third Circuit's decision in *Gambocz v. Yelencsics, supra; see,* 18 Wright-Miller-Cooper, *supra,* Sec. 4464, at 387. In *Gambocz,* the Third Circuit followed its prior decision in *Bruszewski, supra,* (as explained in *Blonder-Tongue* ), and applied the rule to a situation similar to the case at bar. There, in a civil rights action under Sections 1983 and 1985, the Third Circuit stated, at 468 F.2d page 841, that *"res judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a *close or significant relationship between successive defendants."* (emphasis added) (citing *Bruszewski v. U.S., supra.*[16]

The court in *Gambocz* added that the nonmutual *res judicata* plea "grows out of the fact that the bar of the prior adjudication is not interposed directly, by parties to the prior suit, but indirectly, *by new defendants,* strangers to the earlier action." (emphasis added) At 468 F.2d at 841.[17]

The court in *Gambocz* rejected to categorize the plea as being in the nature of collateral estoppel because such terminology is more properly used in situations where the prior adjudication, on the merits, decided "issues" ·actually litigated (468

F.2d at 841). Since the situation in *Gambocz* precluded the relitigation of an identical "claim", the court concluded that the nonmutual plea was a variant of the general *res judicata* doctrine operating to bar the relitigation of an identical "cause of action" (At page 841).[18]

Plaintiff had a full and fair chance to litigate the instant cause of action because, as the record here shows, the two causes of action are identical, and plaintiff filed an amended complaint before an adverse judgment was entered against him in the prior action on the merits.[19] In addition, notwithstanding the fact that Price Waterhouse was not a defendant in the prior action, its alleged relationship with the other defendants and the nature of its alleged participation in the conspiratorial scenario subject of both actions, precludes plaintiff from reasserting now his already adjudicated claim against this new defendant. (See footnote 17, *ante* )

For the foregoing reasons, plaintiff's complaint is subject to dismissal.

Co-defendant further contends that the complaint fails to allege an action under color of state law against Price Waterhouse as is required for civil rights actions. The Court of Appeals for the First Circuit, in the recent decision in *McGillicuddy v. Clements,* 746 F.2d 76 (1st Cir.1984), touches precisely on this point.

**16.** It is noted that the "close or significant relationship between successive defendants" criteria enunciated in *Gambocz* is present here for Price Waterhouse is sued as an alleged co-conspirator of the named defendants in the prior action.

**17.** There is no excuse for plaintiff's failure to bring Price Waterhouse as a defendant in the prior action, especially when the allegations made here against Price Waterhouse are the same as those made by plaintiff in the amended complaint dismissed in the prior action. *See,* 18 Wright-Miller-Cooper, *supra,* § 4465 at 589.

**18.** Subsequent to *Gambocz,* many courts have adopted the nonmutual claim preclusion rule although some have categorized it as collateral estoppel. *See, Citadel Corp. v. Puerto Rico Highway Authority, supra; O'Neill v. Dell Pub. Co.,*

*Inc.,* 630 F.2d 685, 690 (1st Cir.1980) (denominating the rule as collateral estoppel to bar a subsequent claim while adopting the rule as enunciated in *Blonder-Tongue Labs, supra;* and *Parklane Hosiery, supra* ). *See also, Miller Brewing Co. v. Jos. Schlitz Brewing Co.,* 605 F.2d 990 (7th Cir.1979); *Fowler v. Wolff,* 479 F.2d 338 (8th Cir.1973); *Heritage Hills Fellowship v. Plouff,* 555 F.Supp. 1290 (D.C.Mich.1983); *Rosenthal v. State of Nev.,* 514 F.Supp. 907 (C.C. Nev.1981); *Hazzard v. Weinberger,* 382 F.Supp. 225 (D.C.N.Y.1974); *Ruskay v. Jensen,* 342 F.Supp. 264 (D.C.N.Y.1972).

**19.** In the latter context, this Court rejects plaintiff's position that a dismissal of the prior action pursuant to Rule 12(b)(6), F.R.Civ.P., under the circumstances surrounding that dismissal was not a dismissal on the merits.

In *McGillicuddy*, the defendant, Ernst & Whinney[20] moved for the dismissal of the complaint in a civil rights case for its failure to state a claim contending that McGillicuddy had failed to set forth sufficient factual allegations to establish that the accounting firm acted under color of state law, which is a prerequisite allegation to a civil rights suit.

McGillicuddy, similar to the plaintiff here, was the director of a state agency; *i.e.*, the Railroad Division of the New Hampshire Transportation Authority. Ernst & Whinney was hired to review the financial management of the Authority before McGillicuddy was fired from his position. As in the case at bar, McGillicuddy claimed damages for Ernst & Whinney's alleged failure to follow proper auditing procedures and that the report it submitted to the Authority contained false, inaccurate or misleading information.

In *McGillicuddy*, the circuit court rejected his attempt to establish the requisite state action by his pointing at the contractual relationship between the state and the accounting firm to support his claim that a conspiracy existed between them to deprive him of his rights. The court stated that the allegations against Ernst & Whinney could only state a claim under Section 1983 *if* the accounting firm's conduct was somehow attributable to the state and held that the acts of a private accounting firm whose work does not depend primarily on government contracts did not become state acts for purposes of Section 1983 *simply* because it was performing an audit for the Authority. *McGillicuddy, supra,* at 77, quoting from *Rendell-Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). It further held that the allegations of conspiracy between the government and a private party *must be pled in some de-*tail to include some factual basis supporting the existence of a conspiracy in pleading civil rights cases. (Ibid)

In the instant action, plaintiff's complaint falls short from fulfilling these pleading requirements. Contrary to the allegations in *McGillicuddy*, plaintiff here does not even allege that co-defendant Price Waterhouse *acted* "under color of state law" or that it acted "jointly in concert" with the other co-defendants.[21] Plaintiff's allegations as to Price Waterhouse are limited to blame the private accounting firm for a "wrong" audit report, while blaming *the other co-defendants* for the use of said report against plaintiff in furtherance of the alleged conspiracy. Noticeably, knowledge of the usage by the other co-defendants of said audit report against plaintiff is not even imputed to Price Waterhouse.[22] Furthermore, even if plaintiff's allegations in the complaint and in his reply to defendants' motion to dismiss could be taken as a speculation that Price Waterhouse may have been directed by specific order of state officials not to do the audit in the usual and proper way, the court, in *McGillicuddy*, concluded that speculations about what "might have happened cannot save an otherwise inadequate complaint" (746 F.2d at 78). It added further that "[i]t is not enough to allege a general scenario which could be dominated by unpleaded facts ..." (*Id.* citing *Dewey v. University of New Hampshire,* 694 F.2d 1, 3 (1st Cir. 1982)).

Plaintiff's allegations in the complaint, in his reply to defendants' motion to dismiss and the exhibits annexed thereto, even if construed liberally and in the light more favorable to plaintiff, merely describe a general scenario, based on speculations

---

**20.** Like Price Waterhouse, Ernst & Whinney is a private accounting partnership.

**21.** In *McGillicuddy*, those two allegations were made and, even then, the Circuit Court concluded that such plain allegations, *without more,* did not suffice in view of the absence of *specific facts* in support of the allegations.

**22.** In reversing the district court's holding that McGillicuddy's allegations concerning an in-complete and improper audit adequately supported the conclusory claim of a conspiracy, the circuit court held that those claims *merely suggested* that the private accounting firm did *"a bad job of accounting,* not that it was acting in a conspiracy with state officials to deprive the plaintiff of civil rights" (*McGillicuddy, supra,* at 78).

and conjectures, which unfoundedly impute Price Waterhouse to be a party to an alleged conspiracy solely for its having submitted an audit report with conclusions adverse to plaintiff's interests. Since no general allegation nor specific facts are alleged that Price Waterhouse acted under color of state law, as such specificity is required for civil rights actions, plaintiff's complaint as to Price Waterhouse is subject to dismissal. *McGillicuddy v. Clements, supra,* at 78.

It is clear to this Court that any participation Price Waterhouse may have had in the alleged conspiracy ended by its filing of the January 24, 1978 report. We are not persuaded by plaintiff's general, unfounded assertions that Price Waterhouse continued participating in furtherance of the alleged conspiracy after January 24, 1978, and that, therefore, this action is not time barred.

Plaintiff's allegations in the complaint and in his reply are clear and consistent in that the only alleged direct involvement co-defendant Price Waterhouse had in the alleged conspiratorial scenario was for the limited period of three months, late in 1977 and early 1978. No specific allegation of fact is made, nor a *scintilla* of proof has been submitted, to establish a *prima facie* case that Price Waterhouse was directly or indirectly involved, or that it may be accountable for the alleged conspiracy, nor that it committed an overt act in furtherance of the alleged conspiracy after submitting its audit report on January 24, 1978.

■ It is settled law that on the subject of civil rights actions the applicable statute of limitations is the one applicable to analogous actions under the corresponding state law. *Board of Regents of the University of New York v. Mary Tomanio,* 446 U.S. 478, 483–484, 100 S.Ct. 1790, 1794–1795, 64 L.Ed.2d 440 (1980); *Rivera Fernández v.*

*Chardón,* 681 F.2d 42, 48 (1st Cir.1982); *Gual Morales v. Hernández Vega,* 604 F.2d 730, 731 (1st Cir.1979).

■ Civil rights claims, as the one at bar, have traditionally been said to state a cause of action lying in tort. *Graffals González v. García Santiago,* 550 F.2d 687, 688 (1st Cir.1977); *Edwards v. Sotomayor,* 557 F.Supp. 209, 216–217 (D.P.R.1983). Hence, the applicable statute of limitations for plaintiff's claim under 42 U.S.C. §§ 1983 and 1985(3) is the one-year statute of limitations provided under Article .1868(2) of the Puerto Rico Civil Code of 1930, as amended, 31 L.P.R.A. § 5298(2), for actions lying in tort.[23] *Rivera Fernández v. Chardón, supra; Gual Morales v. Hernández Vega, supra,* 604 F.2d at 731; *Ramírez de Arellano v. Alvarez de Choudens,* 575 F.2d 315, 318–319 (1st Cir.1978); *Edwards v. Sotomayor, supra,* at 218.

■ It is also settled that the coordinate tolling rules applicable to said statute of limitations are applicable to civil rights actions as the one at bar. *See, Board of Regents v. Mary Tomanio, supra; Gual Morales v. Hernández Vega, supra,* 604 F.2d at 731; *Rivera Fernández v. Chardón,* 648 F.2d 765 (1st Cir.1981), *rev'd on other grounds,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981).

■ The determination of when a civil rights action accrues under the applicable statute of limitations is a matter of federal law. *See, Rivera Fernández v. Chardón, supra,* 648 F.2d at 767; *Rubin v. O'Koren,* 621 F.2d 114, 116 (5th Cir.1980); *Briley v. State of California,* 564 F.2d 849, 855 (9th Cir.1977); *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir.1975); *Kaiser v. Cahn,* 510 F.2d 282, 285 (2d Cir.1974); *Cf. Cope v. Anderson,* 331 U.S. 461, 464, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602 (1947).

**23.** Said article reads, in part, as follows:
"Secs. 5298 *Actions which prescribe in one year.*
The following prescribe in one year:
1) ...
2) Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in Section 5141 of this title (actions lying in tort), from the time the aggrieved person had knowledge thereof. (reference added)

Federal law has established that: "The time of accrual for taking a civil rights action under sec. 1983 is when the aggrieved person knows or has reason to know of the injury which is the basis for his action", *Cox v. Stanton, supra,* 529 F.2d at 50; *Edwards v. Sotomayor, supra,* 557 F.Supp. at 214; *see also, Young v. Clinchfield R.R.C.O.,* 288 F.2d 499, 503 (4th Cir. 1961); *Lavallee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980); or, "when facts supportive of a civil rights action are or should be apparent to a reasonably prudent person similarly situated." *Edwards v. Sotomayor, supra; see also, Doyle v. University of Alabama in Birmingham,* 680 F.2d 1323, 1325 (11th Cir.1982).

■■■ As to the conspiracy charged (Section 1985(3)), "these types of actions accrue when the *last overt act* alleged to have caused the damages is performed." (emphasis added) *Edwards v. Sotomayor, supra,* 557 F.Supp. at 219; *Cf. Kadar Corp. v. Milbury,* 549 F.2d 230, 234 (1st Cir.1977); *see also, Morales v. Vega,* 461 F.Supp. 656, 657 (D.P.R.1978). The last overt act is with reference to that allegedly committed by a particular defendant, the conspiracy claim against that defendant accruing when such last overt act is committed. *Kadar v. Milbury, supra; Edwards v. Sotomayor, supra.* To sustain that the action does not accrue until the last overt act of all the other conspirators is committed would be tantamount to state that "a conspiracy action could not be maintained—since no cause of action would have accrued—until it could be told with certainty that the final overt act in furtherance of the conspiracy had been committed." *Kadar Corp. v. Milbury, supra,* 549 F.2d at 235.

In its motion to dismiss Price Waterhouse established that plaintiff failed to toll the one-year statute of limitations with Price Waterhouse, between January 24, 1978, and January 24, 1979, a fact which was not controverted by plaintiff in his reply.[24]

This Court is not convinced that plaintiff, by seeking redress in administrative forum (specifically Puerto Rico's State Insurance Fund (the Fund), on or about 1982, in fact tolled the applicable statute of limitations as to Price Waterhouse. In this context, plaintiff relies in *Tropigas v. Tribunal,* 102 D.P.R. 630 (1974) and in *El Dia, Inc. v. Tribunal,* 104 D.P.R. 149 (1975), in support of his contention.

■■■ The record reveals that Price Waterhouse was never a party to said administrative proceedings, nor was it intended to be. In fact, the instant action is the first time that Price Waterhouse is a named defendant to any proceeding whatsoever concerning plaintiff's claims. Further, plaintiff has failed to establish specific reasons why Price Waterhouse may be bound by the tolling effects, if any, of said administrative proceedings. Moreover, the cases relied upon by plaintiff in support of his contention stand for the proposition that the time to bring the *same cause of action* raised at the administrative forum is tolled by the filing of a claim at that forum. Hence, the cases cited by plaintiff are inapposite to the case at bar for the cause of action in the instant case is different from that which can be brought at the State Insurance Fund. The tolling effected by an administrative filing will be operative only if the administrative claim is filed according to the applicable legal provisions and before the statute of limitations expires on the claimant. In accordance with the cases cited by plaintiff, the tolling so effected operates to allow the Fund to eventually subrogate in the rights of the claimant to seek redress from the alleged third party wrongdoer. The claimant is entitled to file independent judicial action *only* if the Fund fails to subrogate in his rights and file such a claim. (11 L.P.R.A. § 32, and cases cited above).

It is significant to note that plaintiff brought his claim to the State Insurance Fund on April 30, 1982, according to his Exhibit 158 to his reply; *i.e.,* more than four years after the January 24, 1978,

---

**24.** There is otherwise nothing in the record to establish that such statute of limitations may have been tolled either judicially or extra-judicially within that period of time.

Price Waterhouse report. Clearly, the one-year statute of limitations to bring his claim against Price Waterhouse had already expired. There is no provision in the Workmen's Accident Compensation Act[25] which would legally revive plaintiff's cause of action against Price Waterhouse by his 1982 filing at the Fund. In addition, there is nothing in the record to show that plaintiff was ignorant of the alleged injury during the one-year period prior to the filing of his claim at the Fund. In fact, as stated above, the facts appear to be to the contrary.

In view of the foregoing, plaintiff should have filed his claim against Price Waterhouse on or before January 24, 1979; *i.e.*, one year after the last alleged overt act by Price Waterhouse was committed, by the submission of its report on January 24, 1978, for his own allegations clearly establish that he gained knowledge of Price Waterhouse's report, and supposedly was affect by it, on or about the time it was submitted to Quirós.

■ Plaintiff's claim against Price Waterhouse is subject to dismissal as being time barred.

■ Finally, in its response to plaintiff's opposition, Price Waterhouse seeks sanctions against plaintiff for the inappropriateness of his arguments by using that pleading as an excuse to reargue against the entry of judgment in the prior action. This Court is compelled to reprimand plaintiff and his counsel for their abuse of the resources of this Court in pursuing this claim.

Plaintiff's complaint is, in all material aspects, identical to the one previously dismissed by this Court on the merits. Plaintiff's instant judicial conduct is only a bold attempt to relitigate what was already properly adjudicated.

Furthermore, a review of plaintiff's reply of October 9, 1984, to Price Waterhouse's dispositive motion discloses that in the first twenty pages of his reply plaintiff argues reconsideration of the entry of a judgment in civil action number 83–0154(JP), entered by this Court on September 28, 1983, and which is now firm, final and unappealable. Not only is said practice alien to the Federal Rules of Civil Procedure, it also constitutes highly inappropriate conduct, not only by plaintiff but also by his counsel. *See,* Rules 11 and 54(d), F.R.Civ.P.

In *U.S. v. Nesglo,* 744 F.2d 887, 892 (1st Cir.1984), the Circuit Court, in finding for costs and attorney's fees against the parties and their counsel, strongly reprimanded them for obstructing, delaying and misusing judicial resources to the abuse and detriment of the other parties in a cause of action created *only* to relitigate already adjudicated issues.

The Court at this time will not impose monetary sanctions against plaintiff and his counsel. However, they are hereby admonished against similar conduct in the future.

Accordingly, it is ORDERED that plaintiff's complaint against Price Waterhouse be and it is hereby DISMISSED, with prejudice. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

---

25. Law No. 45 of April 18, 1935, as amended, 11 ■ L.P.R.A. §§ 1, *et seq.*